[Cite as *Smith v. Hilt*, 2016-Ohio-7340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Laura A. Smith, Trustee of the
Isabelle A. Hilt Living Trust Agreement,
dated April 12, 2002

        Appellee

v.

Thomas E. Hilt, et al.

        Appellant

Court of Appeals No. S-16-004

Trial Court No. 20159001

**DECISION AND JUDGMENT**

Decided:  October 14, 2016

* * * * *

Alan R. McKean and Martin D. Carrigan, for appellee.

Joseph F. Albrechta, John A. Coble and George J. Schrader,
for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} In this case, appellant Thomas E. Hilt appeals a "Consent Judgment Entry" that was entered into by the plaintiff and his co-defendants.  Appellant was neither served with the entry, nor did he consent to it.

**{¶ 2}** The Consent Judgment Entry, which terminated a revocable trust, was approved by the Sandusky County Court of Common Pleas, Probate Division. For the reasons that follow, we reverse.

## II. Statement of Facts and Procedural History

**{¶ 3}** This case concerns a revocable trust created by Isabelle A. Hilt on April 12, 2002. The trust named Hilt and her son, Thomas Hilt, as co-trustees. In 2011, Mrs. Hilt resigned as co-trustee. She was declared incompetent on June 26, 2012, following a hearing before the Probate Division of the Ottawa County Court of Common Pleas. Bree Noblitt-Brown was then appointed as her guardian.[1]

**{¶ 4}** In May of 2012, Thomas Hilt was removed as the trustee. Ms. Hilt's other two children, Laura Smith and Peter Hilt were named as successor trustees, although Peter Hilt declined the appointment.

**{¶ 5}** On February 10, 2015, Laura Smith, the plaintiff and appellee herein, filed a six-count complaint in the Probate Division of the Sandusky County Court of Common Pleas against appellant and Guardian Brown.

**{¶ 6}** Appellee claimed that appellant had effectively continued to operate as trustee, despite his removal in 2012. As against appellant, appellee brought claims for conversion, breach of fiduciary duty, breach of contract, and violation of the Ohio Trust

---

[1] In a separate case, all three of Hilt's children separately applied to remove and replace Noblitt-Brown as guardian. The Sandusky County Probate Court found that all three applicants were unsuitable based upon personality conflicts among the siblings. We affirmed that decision in *In re Guardianship of Hilt,* 6th Dist. Sandusky No. S-14-10, 2015-Ohio-3186.

2.

Code. She also demanded an accounting. In Count 6, appellee demanded that the trust be dissolved and terminated on the basis that it had outlived its purpose.

{¶ 7} Guardian Brown filed an "answer, cross claim and counter claim." The guardian's factual allegations of misdeeds against Hilt were similar to those raised by appellee. The guardian also sought an order dissolving and terminating the trust.

{¶ 8} Appellant answered the complaint denying liability and separately filed a motion to dismiss the complaint.

{¶ 9} At issue in this case is the Consent Judgment Entry. The record suggests that appellee and the guardian "presented" the trial court with a "Consent Judgment Entry (As to the Sixth Cause of Action in the Complaint Only)" on June 29, 2015. There is no docket entry of any such filing on or about that date.

{¶ 10} On August 7, 2015, however, appellee and the guardian filed a "Motion to Schedule hearing on Status of Proposed Consent Judgment Entry." In the motion, they indicated that a "Consent Judgment Entry" was "presented" to the probate court on June 29, 2015. Attached to the motion was the "Consent Judgment Entry."

{¶ 11} On November 9, 2015, appellee and the guardian filed an original action in this court, seeking a writ of procedendo to compel the probate court to approve or reject the Consent Judgment Entry. (Appeal No. S-15-027.)

{¶ 12} On December 18, 2015, the probate court, appellee, the guardian and their respective counsel executed the Consent Judgment Entry. The entry (1) terminated and dissolved the Hilt trust; (2) ordered appellee to "proceed with prosecution of the

3.

remaining" five counts of the complaint; and (3) directed appellee to make all necessary changes to deeds or other documents to title assets."[2]

{¶ 13} Appellant timely appealed.

### III. Appellant's Assignments of Error

Assignment of Error No. 1: THE PROBATE COURT ERRED BY FINDING THE TRUST TO HAVE NO CONTINUING PURPOSE WITH INSUFFICIENT EVIDENCE.

Assignment of Error No. 2: THE PROBATE COURT ERRED BY ENTERING A FINAL JUDGMENT WITHOUT GIVING ALL PARTIES AN OPPORTUNITY TO BE HEARD, THUS DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS.

Assignment of Error No. 3: THE PROBATE COURT ERRED BY RULING UPON A DOCUMENT FILED IN VIOLATION OF CIVIL RULE 5(A), FURTHER DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS.

Assignment of Error No. 4: THE PROBATE COURT ERRED BY DISSOLVING THE TRUST WHILE ORDERING ITS TRUSTEE TO LITIGATE CLAIMS OF THE TERMINATED TRUST.

---

[2] We dismissed the original action by decision and judgment on December 18, 2015.

4.

## IV.  Law and Analysis

{¶ 14} We address the assignments of error out of order.  We further note that the guardian did not file a brief in this matter.

{¶ 15} In assignment of error No. 3, appellant alleges that the probate court erred in considering the Consent Judgment Entry because he was not served with the document.  Appellant alleges that appellee violated Civ.R. 5(A), depriving him of due process.

{¶ 16} There appears to be no dispute that the document at issue was, in fact, provided to the probate court but that it was not served upon appellant.[3]

{¶ 17} The Ohio Rules of Civil Procedure, and specifically Civ.R. 5, apply to the probate courts.  Civ.R. 73(A) and (D).  Civ.R. 5 governs the service of "papers subsequent to the original complaint."  Specifically, Civ.R. 5(A) requires that "every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties."  Where a party is represented by counsel, service must be made upon the attorney.  Civ.R. 5(B).

{¶ 18} Civ.R. 5(B)(4) requires that the "served document shall be accompanied by a completed proof of service which shall state the date and manner of service * * *.

---

[3] Though not raised by either party, it appears that appellant received the Consent Judgment Entry on August 7, 2015, five weeks after it was presented to the court.  At that time, it was attached as an exhibit to appellee's "Motion to Schedule hearing on Status of Proposed Consent Judgment Entry."

5.

Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(4).

{¶ 19} Appellant claims that, as a party to this case, he was entitled to service of the Consent Judgment Entry. Appellee states that appellant is "not entitled to any notice as the Consent Judgment Entry does not affect him."

{¶ 20} We agree with appellant. The issue is not whether the document "affects" appellant but merely whether he was entitled to service of it. Surely, the proposed entry constitutes a "written notice, * * * demand, offer of judgment, [or] similar paper." As such, it should have been served upon appellant. Moreover, because appellee failed to serve the Consent Judgment Entry, the probate court ought not to have considered it.

{¶ 21} Indeed, "[u]like the instances where an opposing party has the burden to prove that it did not receive service of a filing * * * where there is no proof of service either attached to the filing or separately filed with the trial court, the trial court simply may not consider the filing." *Nosal v. Szabo*, 8th Dist. Cuyahoga Nos. 83975 and 83974, 2004-Ohio-4076, ¶ 21.

{¶ 22} As there is no dispute that the Consent Judgment Entry lacked a proof of service, the probate court should not have considered it under the explicit language of Civ.R. 5(B)(4). Appellant's third assignment of error is well-taken.

{¶ 23} In his second assignment of error, appellant claims that his due process rights were further violated when he was not afforded an opportunity to argue against the merits of the Consent Judgment Entry. Appellee counters that the standard for

6.

terminating the trust, pursuant to the Ohio Trust Code, as set forth in R.C. 5806.02, was met here. Appellee argues that "the current trustee of the Hilt Trust and the Guardian (and the Guardian's attorney) consented to termination of the Trust. Because Isabelle Hilt is a ward, Court approval was necessary and was properly granted. No other evidentiary consideration was needed by the Probate Court."

{¶ 24} While termination of the trust may be governed by R.C. 5806.02, it occurs in this case within the context of litigation. Indeed, the Consent Judgment Entry was filed under this case caption, and Count 6 specifically demands termination of the trust. We offer no opinion as to whether appellee met the standard for terminating the trust. Our concern is the fact that less than all of the parties agreed to the purported Consent Judgment Entry. The issue, as we see it, is whether a consent judgment entry is valid when less than all the parties to the action have consented to it. Appellant is a party to this case. Captioning the entry as a "consent" judgment implies that all the parties agreed to it. While the mislabeling of the judgment entry could have been easily corrected to reflect appellant's objection, it bears repeating that he was not served as required by rule.

{¶ 25} Generally, a judgment reached by the consent of the parties is not subject to appellate review. *Byram v. Lucas County Children Bd.*, 6th Dist. Lucas No. L-92-179, 1991 Ohio App. LEXIS 5584, *10 (Nov. 22, 1991), citing *Rosebrough v. Ansley*, 35 Ohio St. 107, 111 (1878). "An agreed order is appealable, however, * * * where consent was not, in fact, given. *Id*. at *10 citing *Morr v. Crouch*, 19 Ohio St. 2d 24, 30, 249 N.E.2d 780 (1969)." In *Morr*, the Ohio Supreme Court held,

7.

The issue resolves itself into a situation similar to that involved in a consent decree where consent was not in fact given. It has been held that such a decree may be vacated, even after term, for irregularity in its procurement. * * * We hold that the lack of consent to the "journal entry – settlement" is an irregularity which should have compelled the Probate Court to vacate that entry. (Citations omitted.) *Id*. at 30.

{¶ 26} The same is true here. Because appellant did not, in fact, consent to the Consent Judgment Entry, it should be vacated. Appellant's second assignment of error is well-taken.

## V. Conclusion

{¶ 27} Based upon our decision, we find that appellant's first and fourth assignments of error, pertaining to whether the trust was properly terminated and whether it lacked a continuing purpose, are moot. Therefore, we decline to address them. This case is reversed and remanded to the probate court for further proceedings consistent with this decision. Costs are assessed to the plaintiff-appellee and the defendant-appellee Brown, pursuant to App.R. 24.

Judgment reversed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.       _____
              JUDGE

Thomas J. Osowik, J.

            _____
Stephen A. Yarbrough, J.      JUDGE
CONCUR.

            _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.