**FRANO et al., Appellants,**

v.

**RED ROBIN INTERNATIONAL, INC., Appellee.**

[Cite as *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2008–L–124.

Decided Feb. 13, 2009.

14

**16**

Frantz Ward L.L.P., Marc A. Sanchez, and Brian J. Kelley, for appellee.

Attorney Tucci, L.L.C., and Christopher P. Tucci, for appellants.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellants, Grace Frano and her husband Elisio Frano, appeal the summary judgment of the Lake County Court of Common Pleas in favor of appellee, Red Robin International, Inc., on Ms. Frano's personal-injury claim arising from a trip-and-fall accident at appellee's restaurant and Mr. Frano's claim for loss of consortium. At issue is whether a genuine issue of material fact existed concerning whether appellee was negligent. For the reasons that follow, we affirm.

{¶ 2} On January 20, 2006, Ms. Frano and her son-in-law Chris Chandler went to appellee's restaurant in Willoughby, Ohio, for lunch. They arrived at 12:00 p.m. The restaurant was not crowded at that time. The hostess seated Ms. Frano and her son-in-law in a booth. The booths in the restaurant are elevated on a platform that is six inches higher than the floor level.

{¶ 3} Ms. Frano testified that she saw the step before she went into the booth and stepped up into the booth without incident. She then sat down on the bench, took off her coat, and laid it next to her on the bench.

{¶ 4} Ms. Frano and Mr. Chandler did not ask to sit at a table on the floor level or anywhere in particular in the restaurant, nor did they object to being seated in a booth.

{¶ 5} Ms. Frano testified that she had no difficulty getting into the booth. The lighting conditions in the restaurant were good, and she had no trouble seeing in the restaurant. There was nothing obstructing her view of the step leading into the booth. She testified that the step was "apparent" and "obvious." She said the step was "not hidden" and "not concealed in any way."

{¶ 6} Ms. Frano and Mr. Chandler stayed at the restaurant for one and one-half hours, eating their food and talking. At 1:30 p.m., Ms. Frano and her son-in-law were ready to leave. Ms. Frano testified that as she left the booth, she was putting her coat on and forgot about the step. As a result, she did not see the step, and she fell. Ms. Frano testified that there was nothing distracting her on the way out of the booth. Nor was there anything obstructing her view of the step. She testified that she simply forgot about the step and did not look down before walking.

{¶ 7} On June 4, 2007, appellants filed a four-count complaint in the trial court alleging that (1) appellee was negligent in failing to remove an unreasonably dangerous condition on its premises, i.e., the raised seating booth, causing Ms. Frano to trip and fall, (2) appellee was aware of that unsafe condition and breached its duty to warn Ms. Frano, (3) appellee was negligent in seating Ms. Frano in a raised seating booth, and (4) Mr. Frano sustained the loss of consortium of his wife.

{¶ 8} Appellee filed an answer denying the material allegations of the complaint and asserting various affirmative defenses, including that Ms. Frano's injury resulted from an open and obvious condition. The parties engaged in discovery, and appellee took Ms. Frano's deposition. Appellee filed a motion for summary judgment, arguing that the step was an open and obvious condition that negated recovery. Appellants filed a brief in opposition, arguing that attendant circumstances created a genuine issue of material fact concerning whether the step was open and obvious. The trial court granted the motion, and this appeal follows. Appellants assert two assignments of error, and appellee asserts one cross-assignment of error. Because appellants' assigned errors are interrelated, we shall consider them together. They state for their assignments of error:

{¶ 9} "[1.] The trial court erred in granting summary judgment where genuine issues of material fact exist as to whether the condition which caused Ms. Frano's injury was an open and obvious condition.

{¶ 10} "[2.] The trial court erred in granting summary judgment where genuine issues of material fact exist as to whether appellee was negligent in seating Ms. Frano in the raised booth."

{¶ 11} Under their first assigned error, appellants argue that a fact issue existed concerning whether the step leading into the booth was an open and obvious condition.

{¶ 12} Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358, 604 N.E.2d 138. Summary judgment is proper when (1) there is no genuine issue of material fact, (2) the moving party is

entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 268, 617 N.E.2d 1068.

{¶ 13} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Material facts are those relevant to the substantive law applicable in a particular case. *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 827, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 14} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his claim. *Dresher* at 293, 662 N.E.2d 264.

{¶ 15} If this initial burden is not met, the motion for summary judgment must be denied. Id. However, if the moving party has satisfied his initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against him. Id.

{¶ 16} Since a trial court's decision whether or not to grant summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, 861 N.E.2d 573, ¶ 41. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. *Brown v. Scioto Cty. Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 17} In order to establish an actionable claim for negligence, the plaintiff must establish that (1) the defendant owed a duty to him, (2) the defendant breached that duty, (3) the defendant's breach of duty proximately caused his injury, and (4) he suffered damages. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198; *Bond v. Mathias* (Mar. 17, 1995), 11th Dist. No. 94–T–5081, 1995 WL 237077, *2.

{¶ 18} In the instant matter, Ms. Frano was an invitee on appellee's premises. A business owner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not

subjected to unreasonable dangers. *Mealy v. Sudheendra,* 11th Dist. No. 2003–T–0065, 2004-Ohio-3505, 2004 WL 1486497, at ¶ 29; *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611; *Kidder v. Kroger Co.,* 2d Dist. No. 20405, 2004-Ohio-4261, 2004 WL 1802050, at ¶ 7. Although a business is not an insurer of its invitees' safety, it must warn them of latent or concealed dangers if it knows or has reason to know of the hidden dangers. *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 390 N.E.2d 810.

{¶ 19} "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman* (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332. A business has no duty to protect an invitee from dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, at paragraph one of the syllabus; see also *Bond v. Mathias,* 1995 WL 237077, *3; *Paschal; Kidder.* "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. The open and obvious doctrine concerns the first element of negligence, whether a duty exists. *Sidle.* Therefore, the open and obvious doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard. *Henry v. Dollar Gen. Store,* 2d Dist. No. 2002–CA–47, 2003-Ohio-206, 2003 WL 139773, at ¶ 7; *Hobart v. Newton Falls,* 11th Dist. No. 2002–T–0122, 2003-Ohio-5004, 2003 WL 22171332, at ¶ 10. Where a hazard is open and obvious, a business owner owes no duty to an invitee, and it is unnecessary to consider the issues of breach and causation. *Ward v. Wal–Mart Stores Inc.* (Dec. 28, 2001), 11th Dist. No. 2000–L–171, 2002 WL 5315, *2.

{¶ 20} The Supreme Court of Ohio reaffirmed the viability of the open and obvious doctrine in *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. In *Armstrong,* the court held that the emphasis in analyzing open and obvious danger cases relates to the threshold issue of duty. "[T]he rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at 82, 788 N.E.2d 1088.

{¶ 21} We initially note that the fact that Ms. Frano did not look down as she exited the booth is not the determinative issue since "the danger does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition under the law." *Konet v. Mark Glassman, Inc.,* 11th Dist. No. 2004–L–151, 2005-Ohio-5280, 2005 WL 2416608, at ¶ 33, citing *Lydic v. Lowe's Cos., Inc.,* 10th Dist. No. 01AP–1432, 2002-Ohio-5001, 2002 WL 31111820, at ¶ 10. "Rather the determinative issue is whether the condition was observable." Id.

{¶ 22} However, the question of whether something is open and obvious cannot always be decided as a matter of law simply because it may have been visible. *Collins v. McDonald's Corp.,* 8th Dist. No. 83282, 2004-Ohio-4074, 2004 WL 1752913, at ¶ 12, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 693 N.E.2d 271. Rather, the "attendant circumstances" of a slip and fall may create a material issue of fact as to whether the danger was open and obvious. *Louderback v. McDonald's Restaurant,* 4th Dist. No. 04CA2981, 2005-Ohio-3926, 2005 WL 1802852, at ¶ 19. Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 499, 693 N.E.2d 807. Stated otherwise, "[t]he attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 33, 646 N.E.2d 198. In short, attendant circumstances are all facts relating to a situation, such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event. See *Menke v. Beerman* (Mar. 9, 1998), 12th Dist. No. CA97–09–182, 1998 WL 103007, *1, citing *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275.

{¶ 23} Here, the evidence is undisputed that Ms. Frano saw and was aware of the step before entering the booth. She testified that the lighting in the restaurant was good and she was able to clearly see the step. She said there was nothing obstructing her view of the step on her way into the booth. She also said she had no difficulty lifting her foot on the step and getting into the booth. In fact, she testified that the step was "obvious" and "apparent" to her before she entered the booth. She also said that on her way out, there was nothing distracting her and there was nothing obstructing her view of the step. Thus, the step was observable to Ms. Frano as she entered and exited the booth.

{¶ 24} First, appellants argue that because Ms. Frano forgot about the step as she left the booth and did not see it, a fact issue was created as to whether the step was an open and obvious condition. We do not agree.

{¶ 25} In *Leighton v. Hower Corp.* (1948), 149 Ohio St. 72, 36 O.O. 432, 77 N.E.2d 600, while the plaintiff was in the defendant department store, she went into the ladies' room. The floor of the ladies' room was six inches above the store's floor. When she left the ladies' room, she was "oblivious" to the drop at the bathroom door, and she fell. The court held that the plaintiff's injury was caused by her lack of due care and entered judgment for the merchant.

{¶ 26} In *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 63 O.O.2d 1, 295 N.E.2d 202, the plaintiff entered and exited a country club by the same door, and in so doing she traversed a step located at the door. The plaintiff fell as she was attempting to negotiate the step as she left the country club. The Supreme Court of Ohio, in applying its previous holding in *Leighton*, held: "Generally, the plaintiff's failure to avoid a known peril is not excused by the fact that he 'did not think' or 'forgot.'" Id. at 3, 63 O.O.2d 1, 295 N.E.2d 202. In upholding the trial court's award of summary judgment to the country club, the court held that an "invitee with knowledge of [a step at an exit door] traverses it at his peril." Id. at 4, 63 O.O.2d 1, 295 N.E.2d 202.

{¶ 27} Appellants attempt to distinguish the instant case from *Raflo* by arguing that the step in *Raflo* was unusually high, i.e., nine inches, as opposed to the six-inch-high step at issue here, so that the step in *Raflo* was more noticeable. However, appellant's attempt to distinguish *Raflo* is unavailing because: (1) In *Leighton*, 149 Ohio St. 72, 36 O.O. 432, 77 N.E.2d 600, on which the court in *Raflo* based its ruling, the step was six inches high and (2) the court in *Raflo* held that the circumstances presented, including the height of the step, did not make its holding in *Leighton* inapplicable or create a jury question. *Raflo* at 3, 63 O.O.2d 1, 295 N.E.2d 202.

{¶ 28} The Supreme Court's holding in *Raflo,* 34 Ohio St.2d 1, 63 O.O.2d 1, 295 N.E.2d 202, has been cited by two Ohio appellate districts to support the award of summary judgment to business owners in cases remarkably similar to the case sub judice. In *Moses v. Pour House Restaurant* (June 3, 1992), 3d Dist. No. 16–91–81, 1992 WL 126082, the plaintiff had lunch with some co-workers at the defendant restaurant. The plaintiff and her friends were seated in a booth situated on an elevated platform. After lunch, as the plaintiff was exiting the booth, she fell while stepping off the platform. The court affirmed the trial court's award of summary judgment to the restaurant, holding that "[a]ppellant was aware of the presence of the step which caused her fall. In order to be seated at the table she had to step up onto the elevated platform." Id. at *2.

{¶ 29} Appellant's attempt to distinguish this case from *Moses* is also ineffectual. First, appellant argues that here, unlike *Moses*, the table on the raised booth was not as long as the bench, so appellant might have "thought she had safely placed her foot on [the] floor once she reached the end of the table." However,

appellant did not testify to this effect, and there is no Civ.R. 56 evidence as to the length of the table and benches. In any event, the court in *Moses* did not base its decision on the arrangement of the table and benches, but rather on the fact that the plaintiff was aware of the presence of the step since she had to step up onto the platform to be seated. Id. at *2.

{¶ 30} Next, appellant argues that unlike *Moses,* no one warned her of the danger presented by the step. However, the court in *Moses* held: "Because appellant had knowledge of the step, Appellees did not breach any duty owed to Appellant, and therefore, are not guilty of negligence." Id. at *2. The same situation prevails here.

{¶ 31} In *Olivier v. Leaf & Vine,* 2d Dist. No. 2004 CA 35, 2005-Ohio-1910, 2005 WL 937928, the plaintiff and her friend went to the defendant restaurant for lunch. The hostess seated them at a table on an elevated area. The plaintiff and her friend both stepped up and took their seats. After lunch, when the plaintiff attempted to step down, she fell. The court affirmed the trial court's grant of summary judgment to the restaurant, holding that "Olivier was necessarily on notice of the height of the single step to the raised seating area due to her prior use. Olivier could not have taken her seat and eaten in that area without successfully stepping onto the platform." Id. at ¶ 42.

{¶ 32} Appellants' attempt to distinguish the case sub judice from *Olivier* is also futile. Again, she argues that here, unlike in *Olivier,* the step was not abnormally high, and appellant did not see the step as she exited the booth. However, the court in *Olivier* did not base its decision on these factors. Instead, it based its decision on the fact that the plaintiff fell while trying to descend the *same step* that she had successfully ascended upon arriving at the restaurant, so that she was equally aware of the step upon her descent. Id. at ¶ 44.

{¶ 33} Based on the foregoing authority, the fact that Ms. Frano forgot she had to traverse one step to enter and exit the booth does not create a fact issue concerning whether the step was an open and obvious condition.

{¶ 34} Next, appellants argue that the existence of attendant circumstances created a fact issue as to whether the step was open and obvious. First, they argue that the fact that Ms. Frano and her son-in-law were in the restaurant for one and one-half hours was an attendant circumstance. The Supreme Court of Ohio rejected this same argument in *Raflo,* 34 Ohio St.2d 1, 63 O.O.2d 1, 295 N.E.2d 202, in which it held:

{¶ 35} "The clear holding in [*Leighton,* 149 Ohio St. 72, 36 O.O. 432, 77 N.E.2d 600] justifies the granting of summary judgment in this case, unless we are willing to distinguish the cases upon the basis of differences in the time which elapsed between entering and leaving the club house in this case, and the time

which elapsed between entering and leaving the toilet area in *Leighton.* The time difference in the cases here compared was less than three hours.

{¶ 36} " * * *

{¶ 37} "We conclude that neither the time span nor the surrounding circumstances in this case are such as to make *Leighton* inapplicable, and to raise a jury question." *Raflo,* 34 Ohio St.2d at 3, 63 O.O.2d 1, 295 N.E.2d 202.

{¶ 38} As noted supra, the time span between Ms. Frano's entry into the booth and her exit was one and one-half hours. Thus, under *Raflo,* the period of time Ms. Frano was at appellee's restaurant did not create a fact issue.

{¶ 39} Next, appellants argue that a fact issue existed due to the distracting atmosphere of the restaurant. However, the record is devoid of any evidence in support of this argument. We note that Ms. Frano did not testify that she was distracted by the restaurant's atmosphere. In fact, her testimony directly contradicts this argument. She testified as follows:

{¶ 40} "Q. Was there anything obstructing your view of the step on the way into the booth?

{¶ 41} "A. No, I don't think so.

{¶ 42} "Q. The step was apparent?

{¶ 43} "A. I think so.

{¶ 44} "Q. The step was obvious?

{¶ 45} "A. Well, I had to climb into it. I had to lift my foot to go into it. So I guess it was obvious.

{¶ 46} "Q. You agree that it was obvious?

{¶ 47} "A. I guess so, yes.

{¶ 48} "Q. Do you agree that it was not hidden from your view?

{¶ 49} "A. No.

{¶ 50} "Q. You're agreeing with me that it was not hidden?

{¶ 51} "A. I don't think so.

{¶ 52} "Q. And you're agreeing that it was not concealed in any way?

{¶ 53} "A. No.

{¶ 54} " * * *

{¶ 55} "Q. There was nothing distracting you on the way out of the booth?

{¶ 56} "A. No. I was getting my coat on, and that was about it.

{¶ 57} "Q. But there was nothing distracting you on the way out?

{¶ 58} "A. No.

{¶ 59} "Q. There was nothing obstructing your view of the step?

{¶ 60} "A. No."

{¶ 61} In light of the foregoing analysis, we hold that the trial court did not err in finding that no genuine issue of material fact existed concerning whether the step was an open and obvious condition.

{¶ 62} Under their second assigned error, appellants argue that due to her age, appellee was negligent in that its hostess sat her in one of its raised booths without asking her whether she would prefer to sit on the ground level.

{¶ 63} We note that Ms. Frano, in her deposition, did not testify that her age played any part in her fall. Moreover, given her admitted ability to see and to navigate the step, there is no evidence in the record to support this argument. Further, Ms. Frano testified that she did not ask to be seated on the ground level, and in fact, she said she did not have a seating preference. She testified that if the hostess had asked her for her seating preference, she does not know how she would have responded.

{¶ 64} Moreover, appellants cite no case law authority that even suggests that a restaurant has a duty to ask its elderly patrons their seating preference.

{¶ 65} While negligence actions involve both questions of law and fact, the existence of a duty is in the first instance a question of law for the trial court. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287, at paragraph one of the syllabus. Under Ohio law, the existence of a duty depends on the injury's foreseeability. *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Id. The foreseeability of harm generally depends on a defendant's knowledge. *Thompson v. Ohio Fuel Gas Co.* (1967), 9 Ohio St.2d 116, 119–120, 38 O.O.2d 294, 224 N.E.2d 131.

{¶ 66} In the instant case, appellant presented no evidence that appellee had knowledge of facts from which it would have anticipated that injury was likely to result from appellant being seated in one of its raised booths. In fact, appellant testified as follows:

{¶ 67} "Q. Do you have any reason to believe that Red Robin knew or should have known that putting you in that booth that day was dangerous?

{¶ 68} " * * *

{¶ 69} "A. I don't know.  I guess not.  I guess they didn't think it would be dangerous.  Otherwise, they wouldn't have put me in there * * *."

{¶ 70} We therefore hold that the trial court did not err in entering summary judgment on this aspect of appellant's negligence claim.

{¶ 71} Appellant's first and second assignments of error are not well taken.

{¶ 72} For appellee's sole cross-assignment of error, it asserts:

{¶ 73} "Defendant-appellee is entitled to summary judgment for the additional reason that the raised seating booth was not unreasonably dangerous."

{¶ 74} Appellee argues that if this court reverses the trial court's ruling on the basis of the open and obvious doctrine, it would still be entitled to summary judgment because the evidence was undisputed that the seating booth was not unreasonably dangerous and that it had no duty to warn appellant of any danger. Appellee asks that we consider this additional basis in the event that we reverse based on the open and obvious doctrine.

{¶ 75} Because we affirm the trial court's summary judgment, it is not necessary for us to determine whether appellee was entitled to summary judgment on this alternative basis.  See *Moses*, 1992 WL 126082, at *2.

{¶ 76} Appellant's cross-assignment of error is not well taken.

{¶ 77} For the reasons stated in the opinion of this court, the assignments of error and cross-assignment of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Judgment affirmed.

GRENDELL, J., concurs.

O'TOOLE, J., concurs in judgment only.