[Cite as *Georgetown of the Highlands Condominium Owners' Assn. v. Nsong*, 2018-Ohio-1966.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106025**

**GEORGETOWN OF THE HIGHLANDS CONDOMINIUM OWNERS' ASSOCIATION**

PLAINTIFF-APPELLEE

vs.

**STELLA NSONG, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854121

**BEFORE:** Jones, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEY FOR APPELLANT**

Michael A. Heller
Mike Heller Law, L.L.C.
333 Babbit Road, Suite 233
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEES**

**For Georgetown of the Highlands
Condominium Association**

Jared S. Klebanow
Klebanow Law, L.L.C.
850 Euclid Avenue, Suite 701
Cleveland, Ohio 44114

Steven B. Potter
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124

**For Bank of New York Trust
Company, N.A., as Successor**

Kimberly Y. Smith Rivera
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122

**For Internal Revenue Service**

Ruchi V. Asher
James R. Bennett
U.S. Attorney's Office, Northern District
400 United States Courthouse
801 W. Superior Avenue
Cleveland, Ohio 44113

**Cuyahoga County Treasurer**

Michael C. O'Malley
Cuyahoga County Prosecutor

Adam D. Jutte
Assistant County Prosecutor
310 W. Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

**For State of Ohio Department of Taxation**

Mike DeWine
Ohio Attorney General
30 East Broad Street
Columbus, Ohio 43215

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Stella Nsong ("Nsong"), appeals from the trial court's June 20, 2017 judgment that overruled Nsong's objections to a magistrate's decision, and adopted the magistrate's decision. For the reasons that follow, we affirm.

## I. Factual and Procedural History

**Georgetown v. Nsong**

{¶2} Plaintiff-appellee Georgetown of the Highlands Condominium Owners' Association is a not-for-profit corporation organized under the laws of Ohio in accordance with R.C. Chapter 5311. It acts as the association of unit owners for the Georgetown of the Highlands condominiums in Euclid, Ohio. Nsong owned a condominium unit on the property.

{¶3} By virtue of owning the property, Nsong was bound by the association's declaration and its bylaws. Under the declaration, she was bound to pay the association's monthly assessments, which were charged against her property for her share of the common expenses incurred for administration and maintenance of common areas, facilities, and other services provided to all of the unit owners.

**{¶4}** In November 2015, the association filed this complaint in foreclosure against Nsong, alleging that she failed to pay her share of common expenses and owed the association in the amount of $7,417.48 as of October 2015. The association alleged that it had a continuing lien on the property for the unpaid fees. Other persons and entities who may have had a claim or interest in the property were named as defendants as well, including the United States of America.

**Procedural History**

**{¶5}** The procedural history of this case spans from the filing of the complaint in November 2015 through the summer of 2017, when the judgment now being appealed was issued. The history, for the purpose of this appeal, is detailed below.

**{¶6}** After the complaint was filed in November 2015, the trial court referred the matter to a foreclosure magistrate. As mentioned, in addition to Nsong, there were several other people and entities named as defendants and, as such, service on all the defendants took awhile. In regard to Nsong, certified service to her went unclaimed two times; service was perfected on her by regular mail in January 2016.

**{¶7}** In January 2016, the United States of America filed an answer. In February 2016, Nsong, pro se, filed a "response" to the complaint, "disputing the validity of a portion" of the claim. In March 2016, the trial court put forth an entry stating that the association had perfected service on all the defendants and ordering the association to proceed with the case, including the filing of any dispositive motions.

**{¶8}** In May 2016, Nsong, by and through counsel, sought leave to file an answer; the trial court granted the request and Nsong's answer was timely filed. The court then ordered the association to file "any dispositive motions necessary to address defendant Stella Nsong's answer." The association timely filed a motion for summary judgment on July 11, 2016.

**{¶9}** Thereafter, Nsong requested that the matter be referred to mediation. Over the association's objection, the trial court granted Nsong's request, and the matter was referred to mediation in August 2016. Discovery and motion practice were stayed during the mediation proceedings.

**{¶10}** The mediation was held on November 22, 2016, but the case did not settle and therefore was returned to the magistrate for further proceedings. On December 5, 2016, the magistrate issued an order granting the association's motion for summary judgment in its favor on its complaint and against Nsong. Nsong had not filed an opposition to the summary judgment motion. The association had requested attorney fees; the trial court stated that the issue would be addressed at a hearing.

**{¶11}** On December 13, 2016, Nsong filed two motions: one for relief from judgment, and the other for leave to file counterclaims. The court granted her leave, and she timely filed counterclaims on January 19, 2017. The motion for relief from judgment was denied.

**Nsong v. Georgetown**

**{¶12}** In her counterclaims against the association, Nsong alleged that in 2015, while she was out of town, the association entered her unit on the "pretense" of repairing a pipe, and engaged in "destructive activities." Specifically, Nsong alleged that the association "dug up" her kitchen and bathroom and "left it in damaged condition, to wit, [with] mountains of debris and huge holes * * *." She contended that the association's actions created a defective and unsafe condition that put her at risk of harm and did actually harm her. She asserted relief based on the following claims: (1) trespass to land/trespass to chattel; (2) negligence; (3) discharge of lien; (4) invasion of privacy/intrusion of seclusion; and (5) breach of contract.

**{¶13}** After the association timely answered the counterclaims, on January 30, 2017, the

trial court ordered "the parties * * * to submit, within forty-five (45) days of the date of this order, any dispositive motions necessary to address the defendant's counterclaims." On March 10, 2017, the association filed a motion for summary judgment on Nsong's counterclaims.

{¶14} Nsong requested an extension of time to file a dispositive motion relative to her counterclaims. In ruling on her request, the magistrate noted the parties were "previously granted sufficient leave (of forty-five (45) days) to file dispositive motions to address the counterclaims in this case and the defendant/counterclaimant only moved the court for additional time to file her own dispositive motion five (5) days after the expiration of the period of leave described above."

{¶15} Notwithstanding the above mentioned, the trial court granted Nsong leave until April 3, 2017, to file a motion for summary judgment relative to her counterclaims. Nsong never filed a dispositive motion, however; nor did she oppose the association's motion for summary judgment. On April 13, 2017, the magistrate granted the association's motion for summary judgment on Nsong's counterclaims.

{¶16} In May 2017, the magistrate issued a decision with findings of fact and conclusions of law. Defendant, the United States of America, objected to the decision because it failed to include "equity of redemption" language. The magistrate withdrew his May 2017 decision, and overruled as moot the federal government's objection. The magistrate thereafter issued another decision with findings of fact and conclusions of law on May 18, 2017.

{¶17} On June 1, 2017, Nsong filed objections to the magistrate's decision. Meanwhile, a hearing was held on the association's request for attorney fees. On June 20, 2017, the trial court overruled Nsong's objections, adopted the magistrate's decision, and among other things awarded the association $7,417.48 in unpaid fees and $6,397.50 in attorney fees. The court also

awarded judgment in favor of the United States of America. This appeal ensues; Nsong sets forth ten assignments of error.

{¶18} The first assignment of error relates to summary judgment in favor of the association on its complaint; the second assignment asserts that the trial court erred in "ordering [Nsong] to file a dispositive motion within 35 [sic][1] days of her counterclaim, without allowing for discovery or other litigation"; assignments of error three through seven relate to summary judgment in favor of the association on her counterclaims; the eighth assignment of error relates to the trial court's judgment against her in the amount of $7,417.78; the ninth assignment of error relates to the award of $6,397.50 to the association for attorney fees; and the tenth assignment of error relates to the judgment in favor of the federal government in the amount of $160,280.33.

## II. Law and Analysis

**Summary Judgment Standard**

{¶19} Summary judgment is proper when: "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor." *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, 907 N.E.2d 796, ¶ 12 (11th Dist.).

{¶20} The party seeking summary judgment on the ground that the nonmoving party cannot prove his or her case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).

---

[1]The trial court actually allowed Nsong 45 days from its January 30, 2017 entry to file a dispositive motion.

**{¶21}** The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claim. *Id.* at 293. If this initial burden is not met, the motion for summary judgment must be denied. *Id.* However, if the moving party has satisfied his or her initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against him or her. *Id.*

**{¶22}** Since a trial court's ruling on a motion for summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, 861 N.E.2d 573, ¶ 41 (11th Dist.).

**The Association's July 11, 2016 Motion for Summary Judgment on its Complaint**

**{¶23}** The association's foreclosure complaint was based on Nsong's failure to pay fees and assessments as required under its bylaws. In support of its motion for summary judgment on its complaint, the association submitted the affidavit of one of its board members, Frank DiNardo. DiNardo averred that "exhibit A" was a true and accurate copy of the association's billing statement relative to Nsong's account, and that it reflected that, as of July 2016, she owed the association $7,489.72, plus interest at the rate of 8% per annum for unpaid assessments, late fees, interest and collection cost charges.

**{¶24}** As mentioned, Nsong did not oppose the association's motion and, therefore, did not present any evidence to the trial court creating a genuine issue of material fact that there was a dispute as to what she owed the association. Our de novo review of the record, including the association's billing statement for Nsong that shows "all transactions" dating back to April 2009, demonstrates that as of July 2016, she owed the association $7,489.72. The trial court, therefore,

properly granted summary judgment in favor of the association and against Nsong on the association's complaint.

{¶25} Nsong's first assignment of error is overruled.

**Trial Court's Order on Dispositive Motion**

{¶26} For her second assigned error, Nsong contends that the trial court abused its discretion by "ordering" her to file a motion for summary judgment, when Civ.R. 56(A) states that a party "may" move for summary judgment. We are not persuaded by Nsong's contention.

{¶27} The "order" she complains of was put forth to allow her to demonstrate that there was no genuine issue of material fact as to her counterclaims and, thus, she was entitled to judgment as a matter law. Apparently, Nsong wanted to do just that, and requested an extension of time to file a dispositive motion relative to her counterclaims. In ruling on her request, the magistrate noted the parties were "previously granted sufficient leave (of forty-five (45) days) to file dispositive motions to address the counterclaims in this case and the defendant/counterclaimant only moved the court for additional time to file her own dispositive motion five (5) days after the expiration of the period of leave described above." Notwithstanding this, the trial court granted Nsong leave until April 3, 2017, to file a motion for summary judgment relative to her counterclaims. Nsong never filed a motion, however.

{¶28} In *Gen. Motors Acceptance Corp. v. Hern Oldsmobile-GMC Truck, Inc.*, 8th Dist. Cuyahoga No. 67921, 1995 Ohio App. LEXIS 3897, 32–33 (Sept. 7, 1995), this court noted that a summary judgment deadline represents a perfectly reasonable attempt by a trial court to efficiently control its docket. The Ohio Supreme Court has held that docketing decisions can be overturned only where there has been an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). There was no abuse of discretion here. The trial court's order, as stated,

was to give Nsong an opportunity to demonstrate that she was entitled to judgment as a matter of law. The court gave her more than ample time to do so, and even taking into account allowing her additional time, she failed to file her motion.

{¶29} On this record, the second assignment of error is without merit and overruled.

**The Association's March 10, 2017 Motion for Summary Judgment on Nsong's Counterclaims**

{¶30} In support of its motion for summary judgment on Nsong's counterclaims, the association submitted another affidavit of DiNardo, its board member who had previously averred in regard to summary judgment on the association's complaint.

{¶31} DiNardo averred that in approximately mid-January 2015, water began leaking at the unit directly next to Nsong's unit. After an initial assessment of the problem, it was determined by a sewer company that the sewage piping was shared by Nsong's unit and the next-door unit. It was determined that repairs would have to made from inside Nsong's unit.

{¶32} DiNardo averred that the association attempted to contact Nsong by telephone to gain entry, but its attempts failed. The association therefore entered the unit. Upon entering the unit, it was discovered that Nsong's toilet had overflowed and her living room carpet was covered in raw sewage. The sewer company was able to stop the active leak, but it determined it could not fix the problem.

{¶33} DiNardo further averred that, over the course of the following month, the association continuously tried to reach Nsong but was unable to make contact with her. In February 2015, the association hired a plumbing company to make the necessary repairs to ensure that another leak would not occur.

{¶34} The plumbing company determined that the sewage line repairs for the two units

had to occur under the half bathroom in Nsong's unit. The association authorized the plumbing company to conduct the repairs in Nsong's unit. It also authorized its maintenance employees to rip out the carpeting in Nsong's living room to reduce the risk of black mold or other hazardous bacteria from spreading, because there had been raw sewage sitting on her carpet. DiNardo averred that the cost of the repairs was $2,850, but it only billed her $1,000, which she failed to pay.

{¶35} As mentioned, Nsong neither filed an opposition to the association's summary judgment motion nor a motion for summary judgment in her favor on her counterclaims. Thus, there is no Civ.R. 56 evidentiary material in the record in opposition to the association's motion for summary judgment on the counterclaims. We now consider each of Nsong's counterclaims vis-à-vis the association's motion.

**Trespass to Land and to Chattel**

{¶36} Nsong's first counterclaim against the association was for trespass upon her property. "Trespass is the unlawful entry upon the property of another." *Chance v. BP Chems., Inc.*, 77 Ohio St.3d 17, 24, 670 N.E.2d 985 (1996). Thus, the elements of trespass are "(1) an unauthorized intentional act, and (2) entry upon land in the possession of another." *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 716, 622 N.E.2d 1153 (4th Dist.1993).

{¶37} In support of its summary judgment motion, the association submitted its bylaws, which granted it a "maintenance easement" over the units "for access as may be necessary for the purpose of maintaining * * * each unit." The bylaws also provided that "[i]n the event of any emergency originating in or threatening any unit * * * the management agent or his or her representative or any other person designated by the board of directors may enter the unit immediately, whether the owner is present or not."

**{¶38}** The record demonstrates that an emergency situation existed and access to Nsong's unit was needed to fix it. After attempts to contact Nsong were unsuccessful, the association exercised its maintenance easement and went into her unit. There simply was no evidence of an "unauthorized intentional act." Thus, Nsong's trespass claim fails. The third assignment of error is overruled.

**Negligence**

**{¶39}** Nsong asserted a negligence claim for her second counterclaim against the association. In order to establish a claim for negligence, Nsong needed to demonstrate that the association (1) owed a duty to her; (2) breached that duty; and (3) she suffered an injury proximately resulting from the breach of its duty. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8. For the reasons that follow, Nsong failed to demonstrate that the association was negligent in the manner in which it responded to this situation.

**{¶40}** The association entered Nsong's unit, after attempts to contact her were unsuccessful, because a plumbing leak was discovered and fixing the plumbing fixtures in her unit was the only way the problem could be rectified. Upon entering Nsong's unit, the association discovered that the toilet was leaking, causing raw sewage to soak the carpeting in the unit. Because of the emergency situation, the association repaired the leak and removed the damaged carpeting.

**{¶41}** On this record, Nsong failed to demonstrate that the association owed her any duty, that it breached the duty, and that she suffered injury from the breach. Under the terms of the association's declaration, it was Nsong's duty to maintain and repair the plumbing in her unit. When she failed to do so, the association, under emergency circumstances, entered her unit and

repaired the plumbing. It also removed the damaged carpeting, thus mitigating further damage to Nsong's unit and the adjoining unit owners. Its actions were not negligent. The fourth assignment of error is therefore overruled.

**Discharge of Lien**

{¶42} Nsong's fifth assignment of error relates to her discharge of lien counterclaim, which she brought under R.C. 5311.18(C). That statute governs the discharge of condominium liens, and provides as follows:

> A unit owner who believes that the portion of the common expenses chargeable to the unit, for which the unit owners association files a certificate of lien pursuant to division (a) of this section, has been improperly charged may commence an action for the discharge of the lien in the court of common pleas of the county in which all or a part of the condominium property is situated. In the action, if it is finally determined that the portion of the common expenses was improperly charged to the unit owner or the unit, the court shall enter an order that it determines to be just, which may provide for a discharge of record of all or a portion of the lien.

{¶43} The lien that Nsong sought to have discharged was the lien that was the subject of the association's complaint against her. As discussed in resolving the first assignment of error, Nsong did not oppose the association's motion for summary judgment on its complaint and, therefore, did not present any evidence to the trial court creating a genuine issue of material fact that there was a dispute as to what she owed the association.

{¶44} Nsong likewise did not oppose the association's motion for summary judgment on her counterclaims. Thus, she again failed to demonstrate that a genuine issue of material fact existed as to what she owed the association. We therefore again find, after our de novo review of the record, including the association's billing statement for Nsong that shows "all transactions" dating back to April 2009, that as of July 2016, she owed the association $7,489.72. Nsong's fifth assignment of error is overruled.

**Invasion of Privacy**

{¶45} Nsong also asserted an invasion of privacy claim against the association, and the trial court granted summary judgment in favor of the association on the claim. The trial court properly did so.

{¶46} The following are the elements of an invasion of privacy claim: (1) intrusion upon the plaintiff's seclusion or solitude, or into his or her private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; or (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Retuerto v. Berea Moving Storage & Logistics*, 8th Dist. Cuyahoga No. 102116, 2015-Ohio-2404, ¶ 75.

{¶47} In her counterclaim, Nsong alleged that the association's entry into her unit "would be offensive [to] a reasonable person." However, there was neither an allegation in the counterclaim, nor evidence in the record, that the association made any type of public disclosure about Nsong that placed her in a false light in the public eye. On this record, the trial court properly granted summary judgment in favor of the association on Nsong's invasion of privacy counterclaim. The sixth assignment of error is overruled.

**Breach of Contract**

{¶48} For her breach of contract counterclaim, Nsong alleged that she and the association "had an agreement regarding ownership, duties, services, and the like. [She] performed. [The association] breached. [She] suffered damages as a result." We disagree.

{¶49} Nsong correctly alleged the elements of a breach of contract claim: the existence of a contract, performance by the plaintiff under the terms of that contract, breach by the defendant, and damage or loss to the plaintiff. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 10, 2002-Ohio-443, 771 N.E.2d 874 (10th Dist.). But she failed to demonstrate that there is a

genuine issue of material fact as to her claim.

{¶50} Initially, we note, as did the trial court, that Nsong failed to even state the binding contract or agreement upon which her claim was based. But to the extent that her claim was based on the associations declaration and by-laws, as already discussed, the association was permitted to enter Nsong's unit in the event of an emergency, which the situation here constituted. Moreover, the responsibility of maintaining and repairing the plumbing belonged to Nsong; the record demonstrates that she did not fulfill her responsibilities. As such, the trial court properly granted summary judgment in favor of the association on Nsong's breach of contract counterclaim and the seventh assignment of error is overruled.

**Monetary Judgment in Favor of Association**

{¶51} In her eighth assignment of error, Nsong repeats her contention that "genuine issues of material fact remain on [the association's] claim that they are owed $7,417.48." For the reasons already discussed in resolving the first assignment of error, we reject Nsong's contention and overrule the eighth assignment of error.

**Attorney Fees to the Association**

{¶52} The ninth assignment of error challenges the trial court's award of attorney fees to the association. We affirm the trial court's award.

{¶53} Nsong contends that the award was improper because the trial court found it was allowed under the association's declaration, but the declaration was not admitted into evidence at the hearing. That was not a bar to the association being able to recover attorney fees, however. As mentioned, the declaration was in the record and was reviewed by the trial court during motion practice.

{¶54} In prosecuting a foreclosure action, an owners' association is entitled to recover

attorney fees and court costs if recovery is permitted by the association's declaration. *Nottingdale Homeowners' Assn. v. Darby*, 33 Ohio St.3d 32, 514 N.E.2d 702, syllabus (1987). The declaration here provided that the association may recover attorney fees in prosecuting a foreclosure action.

{¶55} Nsong further contends that the trial court erred in deeming the attorney the association presented at the hearing on attorney fees an expert witness. The admission of expert testimony is governed by Evid.R. 702, which states:

> A witness may testify as an expert if all of the following apply:
>
> (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
>
> (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
>
> (C) The witness testimony is based on reliable scientific, technical, or other specialized information. * * *

{¶56} This court stated the following as the standard of review of a trial court's determination on qualifying an expert witness:

> The determination of whether a witness possesses the qualifications necessary to allow expert testimony lies within the sound discretion of the trial court. [Thus], the qualification of an expert witness will not be reversed unless there is a clear showing of an abuse of discretion on the part of the trial court.

*State v. Wages*, 87 Ohio App.3d 780, 786, 623 N.E.2d 193 (8th Dist.1993).

{¶57} We note that Nsong has failed to make the transcript of the hearing on attorney fees part of the record and, therefore, we presume the regularity of the proceeding. *Cleveland Hts. v. Aziz*, 8th Dist. Cuyahoga No. 92538, 2009-Ohio-3885, ¶ 29. As noted by the magistrate's decision and the trial court's judgment accepting the decision, the association presented, and the court accepted, the testimony of attorney Eric Hoffman ("Hoffman") as an expert witness.

Hoffman was a disinterested attorney in regard to this case, who testified that he had almost 40 years' experience in foreclosure law, which included serving as a master commissioner in foreclosure cases in federal court.

{¶58} Based on his experience, attorney Hoffman testified that (1) the hourly rate charged by the association's attorney ($150/hour) and the legal assistant ($90/hour) were reasonable and (2) the $6,397.50 total amount of attorney fees incurred by the association in prosecuting this case was reasonable.

{¶59} Other than lodging a general objection to Hoffman's qualifications as an expert, Nsong failed to specifically demonstrate how his qualifications were unacceptable to deem him an expert; she also did not present any evidence to counter his testimony and demonstrate that the association's legal fees in this case were unreasonable. On this record, therefore, we presume the regularity of the proceeding and find that the trial court did not abuse its discretion in deeming attorney Hoffman as an expert witness and accepting his testimony.

{¶60} The ninth assignment of error is overruled.

## Judgment in Favor of the United States of America

{¶61} In her final assignment of error, Nsong contends that the trial court erred in awarding judgment to the United States of America because, although it filed an answer, it "did not otherwise appear in any proceedings, * * * submit any evidentiary material, * * * file a dispositive motion, and no documentary evidence or materials supported [its] claim to * * * liens."

{¶62} Nsong is correct that the United States of America only filed an answer in this case. But in its answer, the government set forth its interest in the property by virtue of liens it had against the property, notices of which were filed with the Cuyahoga County Recorder on

December 21, 2011, November 22, 2013, and September 11, 2014.

**{¶63}** In a similar case, the Sixth Appellate District upheld a judgment in favor of the United States of America when the government only filed an answer claiming an interest in property to be foreclosed on and stating that party was indebted to the government. *First Fed. S. & L. Assn. v. Szigeti*, 6th Dist. Lucas No. L-88-164, 1989 Ohio App. LEXIS 1218, 4–5, 13–14 (Apr. 7, 1989).

**{¶64}** In awarding judgment to the federal government, the trial court in *Szigeti* stated the following:

> The court further finds that the defendant, United States of America, filed its Notice of Federal Tax Lien No. 30683 against Ohio Building Association, A. J. Szigeti, a Partnership on April 24, 1987 in the Recorder's Office of Lucas County, Ohio upon which there is now due and owing * * *.

*Id.* at 13–14.

**{¶65}** In upholding the judgment in favor of the United States, the Sixth Appellate District stated:

> In conclusion, we find that the United States did not move for summary judgment, nor was a summary judgment granted in its favor by the trial court. Appellants [,however,] have failed to set forth any evidence tending to prove that the trial court's finding of a federal tax lien was in any way erroneous or against the weight of the evidence.

*Id.* at 14.

**{¶66}** Likewise here, the trial court found that Nsong was indebted to the United States and that notices of her indebtedness were filed with the Cuyahoga County Recorder. She has failed to set forth any evidence demonstrating otherwise. We therefore affirm the trial court's judgment in favor of the federal government.

**{¶67}** The tenth assignment of error is overruled.

**{¶68}** Having overruled all assignments of error, the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR