[Cite as *Ward v. SKH Group, L.L.C.*, 2023-Ohio-4161.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KELLY ANN WARD, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| SKH GROUP LLC, et al., | : | Case No. 22 CAE 11 0076 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
21 CV C 09 0452

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 17, 2023

APPEARANCES:

For Plaintiff-Appellant

CLAY W. BALYEAT
Balyeat, Leahy, Daley
Miller & Bensinger, LLC
1728 Allentown Road
Lima, Ohio 45805

For Defendant-Appellee

KESHA D. KINSEY
P.O. Box 6835
Scranton, PA 18505-6835

*Baldwin, J.*

{¶1}    Appellant, Kelly Ann Ward[1], appeals the decision of the Delaware County Court of Common Pleas granting summary judgment to Appellees, SKH Group LLC and The Morgan House.

## STATEMENT OF THE FACTS AND THE CASE.

{¶2}    Ward visited The Morgan House, a gift shop, on November 17, 2019 as she had done on several past occasions. When she left the shop, she fell to the ground and sustained injuries that she described as including fractures to her skull, tibia and fibula. She pursued a claim against Appellees for negligent maintenance of the entrance of the shop, but her claim was dismissed when the trial court found that the hazard she described was "open and obvious" and that the Appellees were not liable.  She contends the trial court erred in its findings, failed to give weight to her experts and should have found a that a genuine issue of material fact remained to be decided regarding the open and obvious state of the alleged hazard.

{¶3}    Ward was Christmas shopping with her friend, Bretta, on November 17, 2019.  They had visited two other retail stores and visited Morgan House after lunch. Ward had been to Morgan House eight to twelve times prior to the date of her fall.  She had Bretta drop her at the handicapped entrance and she entered the shop while Bretta parked. When it was time to leave, she used the front main entrance which was not

---

[1] Kelly Ann Ward passed away during the pendency of this appeal, prior to the matter being argued.  The appeal was stayed to permit Appellant to designate a substitute.  On August 15, 2023, Appellant filed the Notice of Substitution of Charles W. Ward, Administrator of the Estate of Kelly Ann Ward for the decedent.  (Probate Court of Allen County, Ohio, Entry Appointing Fiduciary, July 31, 2023, Case No. 2023 ES 313).  For ease of reference we will continue to refer to Appellant as "Ward".

handicap accessible. She had used this exit in the past and explained that she did not use the handicapped entrance that she had used to enter the shop because her friend's car was parked closer to the main entrance, and she did not know if her friend could have picked her up from the handicapped entrance. (Ward Deposition, p. 30, line 23 to p. 31, line 14). Ward conceded that she had successfully used the main entrance in the past and that the bricks in the walkway that allegedly caused her fall were "always ajar" during her prior visits. (Ward Deposition, p. 31, line 19 to p. 3, line 8). She believed that the path to the handicapped entrance was lined with the same bricks and recalled tripping over bricks when she had entered the building in the past. (Ward Deposition, p. 25, lines 15-24).

{¶4} When she left the building on the day of the incident, she used the side of the entrance adjacent to a pole or post, which she grabbed with her left hand for support. She admitted that it was "normal for [her] to grab ahold of something to execute one step" because the ground where she was stepping did not look stable. (Ward Deposition, p. 25, line 12 to p. 26, line 1). Ward saw the bricks where she planned to step, but felt comfortable taking the step because the pole was available for support. (Ward Deposition, p. 26, line 8-12).

{¶5} The entrance Ward used featured a railing on the other side, but four to six others were entering the building and using that railing as Ward was exiting. She recalled that those people had entered the store before she fell. Ward was in no hurry to leave and when she was asked if she could have waited and used that railing, she answered: "I don't know. I just walked over to the left side, grabbed ahold of the pole, looked down and held on and stepped." (Ward Deposition, p. 26, lines 20-22). She explained that

" * * * once I took another step after I got down, I took another step and tripped over one of these bricks down here, I fell completely on my right side * * * ." (Ward Deposition, p. 29, lines 18-21). When she stepped off the porch she "was paying attention to what [she] was doing" and not talking with her friend or the others entering The Morgan House. (Ward Deposition, p. 36, 5-10).

{¶6}    Ward was transported to the hospital and treated. She later filed a complaint against Appellees alleging they were responsible for creating a hazard that caused her to fall and sustain injuries.  Appellees moved for summary judgment contending that the alleged hazard was open and obvious and that condition  served as a warning to Appellant to take action to protect herself.  Appellant opposed the motion for summary judgment and offered an affidavit to supplement her deposition testimony as well as expert testimony. Appellees moved the court to strike the Ward's affidavit arguing that it contradicted her deposition testimony.

{¶7}    The trial court engaged in a lengthy analysis of the facts and the law and concluded that Appellees' Motion for Summary Judgment had merit and should be granted:

> The hazard posed by the un-level brick-paver sidewalk was open and
> obvious because it was objectively observable. In addition, the differences
> in height and spacing between the brick pavers was less than 2 inches,
> meaning that it was trivial or minor as a matter of law. Moreover, no
> attendant circumstances existed to unreasonably increase the hazard
> posed by the brick-paver sidewalk to a point that would warrant a departure
> from the 2-inch rule or the open-and-obvious doctrine.

(Judgment Entry, October 24, 2022, p. 15).

{¶8}    The trial court denied Appellee's Motion to Strike Ward's Affidavit, finding that:

> While one portion of that affidavit directly contradicts Ward's earlier deposition testimony without adequate explanation for the contradiction, the remainder of the affidavit merely supplements or explains Ward's deposition testimony. I have disregarded the contradictory affidavit testimony and relied only on Ward's earlier deposition testimony about her observations regarding the un-level nature of the brick-paver sidewalk. Even so, whether Ward actually observed the hazard posed by the un-level brick pavers is not dispositive of the question whether the hazard was open and obvious. Rather, the critical inquiry is whether that hazard was objectively observable by a reasonable person. I hold that it was.

(Judgment Entry, October 24, 2022, p. 16).

{¶9}    Ward filed a timely appeal of the trial court's decision and submitted two assignments of error:

{¶10}   "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE, BY FINDING THAT THERE WERE NO ATTENDANT CIRCUMSTANCES WHICH CREATED MATERIAL ISSUES OF FACT, WHEN VIEWED IN FAVOR OF THE APPELLANT, AND WHICH WOULD NEGATE THE "OPEN AND OBVIOUS" DEFENSE."

{¶11} "II. THE TRIAL COURT ERRED BY DETERMINING THAT THE NATURE OF THE SIDEWALK, OR THE UNEVEN AND LOOSE PAVERS, WAS AN OPEN AND OBVIOUS DANGER, THEREBY DISMISSING THE NEGLIGENCE CLAIM."

## STANDARD OF REVIEW

{¶12} With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Cmmrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

{¶13} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal

burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

## ANALYSIS

{¶15} Ward's appeal contends that the trial court erred by finding that the alleged hazard was open and obvious and that there were not attendant circumstances that distracted her from the danger of that hazard. She has presented her argument regarding the alleged attendant circumstances as her First Assignment of Error and the issue regarding the open and obvious nature of the hazard as the second assignment. Because attendant circumstances ""may create a genuine issue of material fact as to whether a hazard is open and obvious," (Citation omitted.) *Carpenter v. Mt. Vernon Gateway*, Ltd., 5th Dist. Knox No. 13CA6, 2014-Ohio-465, ¶ 23 we will address whether the alleged hazard was open and obvious first and then consider whether there were attendant circumstances, reversing the order of the assignments of error to avoid unnecessary duplication.

## OPEN AND OBVIOUS

{¶16} In her Second Assignment of Error, Ward contends that the trial court erred in finding that there was no genuine issue of material fact regarding whether the hazard she claims caused her fall was open and obvious. She contends that the danger posed by the uneven and loose pavers was such that she would not have been able to discern the danger that the condition posed. Ward promotes her conclusion that the condition of the pavers was not discoverable, but provides no clear support for that conclusion in her

argument. Instead, the record supports a finding that not only was the condition of the brick pavers open and obvious, but also that Ward had prior knowledge of the condition of this entrance.

**{¶17}** Appellees were not an insurer of Ward's safety, but they did owe her, a business invitee, a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Under Ohio law, however, a business owner owes no duty to protect an invitee from dangers which are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and protect him or her against them. *Sidle v. Humphrey,* 13 Ohio St.2d 45, 48, 233 N.E.2d 589 (1968). The Supreme Court of Ohio has held that a premises owner owes no duty to persons entering the premises regarding dangers that are open and obvious. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, paragraph 5 of the syllabus, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph 1 of the syllabus. The rationale of the open and obvious doctrine is the open and obvious nature of the hazard itself serves as a warning, so owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

**{¶18}** When considering whether a condition is open and obvious, the court must consider the nature of the condition itself, not the plaintiff's conduct in encountering the condition. *Knight v. Hartville Hardware, Inc.*, 5th Dist. Stark No. 2015CA00121, 2016-Ohio-1074, 2016 WL 1051598, ¶ 18, quoting *Jacobsen v. Coon Restoration & Sealants*, Inc., 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, 2011 WL 2848144, ¶ 18. The

dangerous condition at issue does not actually have to be observed by the plaintiff to be an open and obvious condition under the law. *Kraft v. Johnny Biggs Mansfield*, LLC, 5th Dist. Richland No. 2012 CA 0068, 2012-Ohio-5502, 2012 WL 5985086, ¶ 16 quoting *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006 AP 09 0054, 2008-Ohio-105, 2008 WL 115829.

**{¶19}** The determinative issue is whether the condition is observable. *Id*. The landowner's duty is not to be determined by questioning "whether the [condition] could have been made perfect or foolproof. The issue is whether the conditions which did exist were open and obvious to any person exercising reasonable care and watching where she was going." *Jackson v. Pike Cty. Bd. Of Commrs.*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, 2010 WL 3902618, ¶ 18 quoting Orens v. Ricardo's Restaurant, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996).

**{¶20}** Courts have also found that " ' * * * the danger is open and obvious when the invitee admits to having had actual knowledge of the danger prior to being injured by that danger.' " (Citations omitted.) *McFadden v. Discerni*, 11th Dist. No. 2022-T-0019, 2023-Ohio-1086, 212 N.E.3d 412, ¶ 16. *See also Gaffney v. Soukup,* 11th Dist. Geauga No. 2016-G-0104, 2017-Ohio-7362, ¶ 18. "When the invitee admits to knowing of the danger, summary judgment is easily granted. Clearly, the danger is open and obvious when the invitee admits to having had actual knowledge of the danger prior to being injured by that danger." *Zuzan v. Shutrump*, 7th Dist. No. 03MA50, 155 Ohio App.3d 589, 2003-Ohio-7285, 802 N.E.2d 683, ¶ 7. *See also*, *Uhl v. Thomas,* 12th Dist. Butler No. CA2008-06-131, 2009-Ohio-196, ¶ 16 (Summary judgment may also be granted where the invitee admits to knowing of the danger.).

**{¶21}** The record supports only the conclusion that the alleged defect, uneven and loose pavers, was open and obvious to Ward and all customers of the Appellees. Ward does not offer any evidence to support a conclusion that the defect that allegedly caused her fall was not visible. Her testimony contradicts that conclusion. Ward admitted that she had visited Morgan House "eight, ten, twelve times." (Ward Deposition, p. 19, lines 22-25). She had visited the location frequently enough to know that "there's more than one handicap entrance." (Ward Deposition, p. 20, lines 12-16). She did not use the accessible entrance when she left the store, but used the main entrance, a path she had followed during prior visits to Morgan House. (Ward Deposition, p. 22, lines 16-81; p. 31, lines 19-25). She explained that she followed her normal practice of holding something to execute one step when she was leaving Morgan House because the ground did not look stable, she saw that the bricks were uneven, and she would typically hold something to stabilize herself. (Ward Deposition, p. 25, lines 12 to p. 26, line 1; p. 39, lines 13-21). She had the opportunity to use a handrailing on the other side of the entrance, but chose not to wait for the four to six customers to walk up the step and clear that area. (Ward Deposition, p. 26, lines 13-22; p. 27, 18-21). Ward acknowledged that saw the bricks that she was stepping onto as she stepped down from the entrance. (Ward Deposition, p. 29, lines 1-12). When she had taken that step in prior visits, she noted that the bricks were ajar and stated that: "They're always ajar." (Ward Deposition, p. 32, lines 1-8). She tripped over a brick, apparently while entering the handicapped entrance, during a prior visit. (Ward Deposition, p. 32, lines 15-21).

**{¶22}** Ward's testimony that she could see that the bricks were uneven and the ground was unstable and that she knew from past experience that the bricks were ajar is

corroborated by the photographs offered by the parties. These photographs show a clearly discernable uneven surface that caused Ward to seek the stability of the porch post as she stepped down. The conditions that Ward claims caused her injury were not only open and obvious to any person exercising reasonable care and watching where they was going, they were readily apparent to Ward who, rather than wait a moment and utilize a hand rail, which she contends would be safer, or exit through the handicapped entrance she used to enter the building, decided to attempt to hold onto a post with the hope that would give her sufficient support to manage the step.

**{¶23}** We find that the facts support the trial court's conclusion that the alleged defect was open and obvious and that summary judgment in favor of Appellees was appropriate.

**{¶24}** The Second Assignment of Error is denied.

## ATTENDANT CIRCUMSTANCES

**{¶25}** In her First Assignment of Error, Ward claims the trial court erred by finding "no questions of fact regarding attendant circumstances which would negate the open and obvious rule." (Appellant's Brief, p. 7). Ward explains that she "was distracted by the number of people entering the building prohibiting her from using the handrail as well as distracted from the dangers below by using a large wooden post for balance." *Id.* at p. 9.

**{¶26}** An "attendant circumstance" is "any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard." *Haller v. Meijer, Inc.,* 10th Dist. Franklin No. 11AP–290, 2012–Ohio–670, ¶ 10. For this exception to apply, "[a]n attendant circumstance must divert the attention of the

injured party, significantly enhance the danger of the defect, and contribute to the injury." *Forste v. Oakview Constr., Inc.,* 12th Dist. Warren No. CA2009–05–054, 2009–Ohio–5516, 2009 WL 3350450, ¶ 22; *Isaacs v. Meijer, Inc.,* 12th Dist. Clermont No. CA2005–10–098, 2006–Ohio–1439, 2006 WL 766692, ¶ 16. Attendant circumstances may include such things as the time of day, lack of familiarity with the route taken, and lighting conditions. *Hart v. Dockside Townhomes, Ltd.*, 12th Dist. Butler No. CA2000–11–222, 2001 WL 649763, *2 (June 11, 2001). Further, an attendant circumstance is a circumstance which contributes to the fall and is beyond the control of the injured party. *Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App.3d 155, 158, 684 N.E.2d 1273.

**{¶27}** Ward argues that her use of the post for support, instead of a railing, is an attendant circumstance that should be combined with the distraction created by others entering the building. We reject Ward's contention that the use of the pole was an attendant circumstance as it was her choice and was within her control. She opted not to use the handicap accessible entrance to avoid inconveniencing her friend who would have to re-enter the parking lot to pick her up. She had no clear explanation why she chose to use the post instead of waiting for four to six people to clear the step. When first asked if she could have waited and used the railing, her response was "I don't know." (Ward Deposition, p. 26, line 20). She was later asked "* * * there was a handrail on the other side that you could have utilized, correct?" to which she responded: "There were people coming up that way." Appellee's counsel asked: "But you were in no hurry so you could have waited, correct?" and Ward answered: "Sure. Yes." (Ward Deposition, p. 39, line 22 to p. 40, line 4).

**{¶28}** Ward's choice to exit Morgan House through an other than handicap accessible entrance and use a post for support rather use the railing cannot serve as an attendant circumstance. *Bovetsky v. Marc Glassman*, Inc., 5th Dist. Stark No. 2016CA00122, 2016-Ohio-7863, ¶ 18.

**{¶29}** Ward also claims that the four to six people entering The Morgan House was an attendant circumstance, but only makes a conclusory statement and provides little explanation regarding how those customers diverted her attention, significantly enhanced the danger of the defect, or contributed to the injury. *Forste*, *supra.* And this Court held in *Kraft v. Johnny Biggs Mansfield, LLC*, 5th Dist. Richland No. 2012 CA 0068, 2012-Ohio-5502, 2012 WL 5985086, that "normal traffic" of people coming in and out of a restaurant is not a circumstance so significant or unusual as to rise to the level of attendant circumstances. In *Rayburn v. Delaware Co. Agricultural Society*, 5th Dist. Delaware No. 15 CAE 02 0016, 2015-Ohio-1903, 2015 WL 2375858, we held there was no evidence to establish the numerous people in the area distracted plaintiff to the point of reducing the degree of care an ordinary person would exercise. *See also Gurcarkowski v. McPeek Funeral Home*, 5th Dist. Licking No. CA–3479, 1990 WL 15752 (finding no attendant circumstances on a standard pedestrian sidewalk); *Freeman v. Value City Dept. Store*, 5th Dist. Stark No. 2010 CA 00034, 2010-Ohio-4634, 2010 WL 3766806 (finding no attendant circumstance when plaintiff testified nothing was distracting her at the time of the incident); *Jackson v. Board of Pike Commissioners,* 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, 2010 WL 3902618 (finding moving to the side to let someone pass on a handicap ramp is not an attendant circumstance); *Frano v. Red Robin Int'l, Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, 907 N.E.2d 796 (11th Dist.) *115 (finding no attendant

circumstances when the record did not contain evidence the plaintiff was distracted by the atmosphere of the restaurant); *McCoy v. Wasabi House*, LLC, 5th Dist. No. 2017CA00098, 2018-Ohio-182, 104 N.E.3d 102, ¶ 49 (Thus, there is no evidence her family or other people entering the restaurant distracted appellant to the point of reducing the degree of care an ordinary person would exercise.)

**{¶30}** Ward conceded that there was sufficient light for her to see her path and, when asked if she was talking with anyone when she negotiated the step, she said: "No. I was paying attention to what I was doing." (Ward Deposition, p. 36, lines 1-10). Even if we were to consider that other customers entering the store might create a distraction, Ward's response demonstrates that those customers did not interfere with her ability to exercise care in stepping down.

**{¶31}** We have reviewed the record and find that the trial court did not err by finding that there were no attendant circumstances and the Appellees were entitled to judgment as a matter of law on this issue.

**{¶32}** The First Assignment of Error is denied.

**{¶33}** The decision of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.