[Cite as *Arthur v. Weir*, 2025-Ohio-2966.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PHILLIP FELTON ARTHUR, ET AL. | Case No. 24CA0022 |
| Plaintiffs - Appellants | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Probate Division, Case No. 21910096D |
| ROBERT WEIR, ET AL. | |
| | Judgment: Affirmed |
| Defendants – Appellees | |
| | Date of Judgment Entry: August 19, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** BRIAN W. BENBOW, for Plaintiffs-Appellants; ALEXANDER E. GOETSCH, RUSSELL J. KUTELL, ZACHARY L. STILLINGS, BRADFORD L. HIGDON, MICHAEL MANNING, BRADLEY P. TOMAN, ERIC T. DEIGHTON, for Defendants-Appellees.

OPINION

*King, J.*

{¶ 1} Plaintiffs-Appellants, Phillip Felton Arthur, individually, and as Executor of the Sandra Hoffman Estate, appeal four judgment entries of the Coshocton County Court of Common Pleas, Probate Division, granting judgment on the pleadings and summary judgment to Defendants-Appellees, William and Jane Albert, Gerald and Judith Finlay, Robert and Patricia Rausch, Ray and Michelle Patterson, and Chase Dryer. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} This case involves the conveyances of several parcels of real property to different individuals.

{¶ 3} In December 2015, James Hoffman and Douglas Hoffman filed a lawsuit in the Coshocton County Probate Court against Phillip Felton Arthur, alleging their mother, Sandra Hoffman, improperly transferred real property to Jahweh, LLC, an entity owned by Arthur, and Arthur unduly influenced his mother to do so (Case No. 21540001) ("the Trust Case").

{¶ 4} On July 8, 2016, Sandra Hoffman was declared incompetent and Jetta Mencer was appointed Guardian of the Person and Estate of Sandra Hoffman (Case No. 21620010).

{¶ 5} On October 30, 2017, Mencer was named Successor Trustee of the Sandra Hoffman Trust as well as the Kenneth G. Hoffman Trust, Sandra's husband who passed away on July 8, 2014.

{¶ 6} In the Trust Case, Mencer filed a counterclaim against Douglas Hoffman alleging misappropriation of funds and undue influence and a cross-claim against Arthur alleging undue influence and breach of fiduciary duty.

{¶ 7} On November 6, 2017, the trial court entered judgment in favor of Mencer as against Douglas Hoffman in the amount of $408,162.69. A Certificate of Judgment Lien was filed on November 20, 2017, against any real property then owned by Hoffman.

{¶ 8} On or about January 10, 2018, the parties in the Trust Case entered into a settlement agreement, approved by the trial court via entry filed January 18, 2018. As a party to the agreement, Arthur/Jahweh was permitted to retain approximately fifty acres

of the disputed property in exchange for his agreement to return the remainder of the property to Mencer; Arthur agreed to the following:

10. <u>The Defendants' Release of the Plaintiffs, the Guardian, and her ward, Sandra</u>. In consideration of the foregoing promises, the Defendants and their respective heirs, members, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Defendants irrevocably and unconditionally release, acquit and forever discharge the Plaintiffs, the Guardian, and her ward, Sandra, and their respective heirs, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Plaintiffs, the Guardian, and her ward, Sandra, from any and all rights, claims, duties, obligations, liabilities, causes of action, demands, damages (including punitive and exemplary damages), contract rights, costs, penalties, claims of attorney's fees, bad faith and expenses, contributions and indemnities whatsoever, in law or in equity, past or present, pending or not pending, known or unknown, foreseen or unforeseen ("Claims"), which may exist against the Plaintiffs, the Guardian, or her ward, Sandra, including but not limited to all Claims in any way related to any allegations or claims at issue in the Litigation.

{¶ 9} The settlement agreement did not encompass the judgment lien against Douglas Hoffman.

{¶ 10} In April 2018, James Hoffman passed away.

{¶ 11} In August 2018, Mencer, as Successor Trustee, sold a parcel of the disputed real property to the Pattersons.

{¶ 12} In September 2018, Sandra Hoffman passed away.

{¶ 13} In December 2018, Mencer, as Successor Trustee, sold a parcel of the disputed real property to the Alberts.

{¶ 14} In January 2019, Mencer, as Successor Trustee, conveyed some of the disputed real property to Douglas Hoffman. Thereafter, Hoffman conveyed the property to a family trust in his name. The family trust then conveyed individual parcels of the real property to the Finlays (2020) and Dyer (2021).

{¶ 15} In October 2019, the Estate of James Hoffman sold a parcel of the disputed real property to the Rauschs.

{¶ 16} On December 2, 2019, Arthur was appointed Executor of the Sandra Hoffman Estate per the terms of her will (Case No. 21910096).

{¶ 17} On December 8, 2021, appellants, Arthur individually and as Executor, filed a complaint against numerous individuals and entities, including Mencer and appellees herein (Case No. 21910096B). Appellants sought estate assets that were allegedly wrongfully transferred to others, including the conveyances of the real property to appellees.

{¶ 18} On April 4, 2022, appellants filed an amended complaint.

{¶ 19} On December 7, 2022, appellants filed a second amended complaint, as well as a second complaint against many of the same parties, including appellees herein (Case No. 21910096D), which is the underlying case in this appeal. This complaint also

sought the return of estate assets, including the real property sold to appellees. The complaint alleged concealment of assets, self-dealing, breach of fiduciary duties, negligence, and conversion, and sought declaratory judgment.

{¶ 20} All appellees filed answers and on October 26, and December 11, 2023, and January 18, 2024, the Finlays, the Rauschs, and Dyer filed counterclaims for declaratory judgment and/or quiet title with exhibits attached.

{¶ 21} On January 18, 2024, the trial court consolidated Case No. 21910096B into Case No. 21910096D.

{¶ 22} On October 27, and December 20, 2023, and January 25, and February 26, and 29, 2024, appellees filed motions for judgment on the pleadings. By judgment entry filed July 22, 2024, the trial court granted all the motions. Appellants' motion for reconsideration was denied by judgment entry filed September 16, 2024.

{¶ 23} On September 20, 2024, appellants and Mencer filed a joint notice of settlement and voluntary dismissal with prejudice.

{¶ 24} On February 23, and September 27, and 30, 2024, the Pattersons, the Rauschs, the Finlays, and Dyer filed motions for summary judgment. On October 11, 15, 18, and 21, 2024, appellants filed motions for summary judgment against appellees. By judgment entries filed October 31, 2024, the trial court granted the motions for summary judgment filed by appellees and denied appellants' motions.

{¶ 25} On November 25, 2024, appellants filed a notice of appeal on the October 31, 2024 judgment entries granting summary judgment to appellees. On November 27, 2024, appellants filed an amended notice of appeal to include the July 22, 2024 judgment

entry granting appellees judgment on the pleadings. Appellants have assigned the following assignments of error:

I

{¶ 26} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT ON THE PLEADINGS WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED RELATING TO CONSTRUCTIVE NOTICE IMPUTED TO BUYERS OF REAL ESTATE, ISSUES THAT TRANSCENDED THE PLEADINGS HEREIN. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY UPHOLDING ILLEGAL TRANSFERS OF REAL ESTATE BELONGING TO APPELLANTS WITHOUT DUE PROCESS OF LAW. CONCEALMENT ACTIONS UNDER R.C. 2109.50 ARE NOT GOVERNED BY THE CIVIL RULES, THE TRIAL COURT ACCORDINGLY COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW BY GRANTING JUDGMENT ON THE PLEADINGS."

II

{¶ 27} "THE COURT COMMITTED PREJUDICIAL ERROR BY GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT RELATING TO CONSTRUCTIVE NOTICE IMPUTED TO A BUYER OF REAL ESTATE EXISTED. THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY FINDING THAT A SETTLEMENT AGREEMENT BARRED APPELLANTS' CLAIMS WHEN THE TRIAL COURT MADE REPEATED FINDINGS TO THAT EXACT OPPOSITE, WHICH FINDINGS CORRECTLY REFLECTED THAT APPELLANTS' SETTLEMENT AGREEMENT DID NOT BAR APPELLANTS' CLAIMS FOR WRONGFUL TRANSFER OF REAL ESTATE AS PLED HEREIN. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY UPHOLDING ILLEGAL TRANSFERS OF REAL ESTATE

BELONGING TO APPELLANTS WITHOUT DUE PROCESS OF LAW. CONCEALMENT ACTIONS UNDER R.C. 2109.50 ARE NOT GOVERNED BY THE CIVIL RULES. THE TRIAL COURT ACCORDINGLY COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT."

{¶ 28} At the outset, we note appellants argue because this case is a concealment action under R.C. 2109.50, the civil rules do not apply. We disagree.

{¶ 29} First, consistent with the purpose of R.C. 2109.50, "appellate courts have determined that the civil rules are not 'by their nature clearly inapplicable' to an R.C. 2109.50 action for concealment." *In re Estate of Beatley v. Fisher*, 2024-Ohio-5109, ¶ 20 (10th Dist.).

{¶ 30} Secondly, the transfers of the real estate properties were not concealed. The real estate parcels were sold to independent third parties for sufficient consideration pursuant to real estate contracts and purchase agreements and the deeds were publicly filed, putting everyone on notice of the sales. Nothing in the record shows the transfers were concealed. Appellants' argument lacks merit.

{¶ 31} We find the trial court did not err in permitting dispositive motions in this case.

I, II

{¶ 32} In their first assignment of error, appellants claim the trial court erred in granting appellees judgment on the pleadings.

{¶ 33} In their second assignment of error, appellants claim the trial court erred in granting appellees summary judgment.

{¶ 34} We disagree with appellants' arguments. Because our standard of review is de novo for both motions, we will address them together. *Columbus v. Sanders*, 2012-Ohio-1514 (5th Dist.); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited, Inc.*, 147 Ohio App.3d 350 (5th Dist. 2002). De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto County Board of Commissioners*, 87 Ohio App.3d 704, 711 (4th Dist. 1993).

{¶ 35} Civ.R. 12(C) governs judgment on the pleadings and states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Under the rule, "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). The rule allows the court to consider the complaint and any answers and any attached materials to the pleadings. *Crenshaw v. Howard,* 2022-Ohio-3914, ¶ 13 (8th Dist.). Civ.R. 12(C) motions are specifically for resolving questions of law; therefore, the rule requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 165-166 (1973).

{¶ 36} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 37} "The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Ward v. SKH Group LLC*, 2023-Ohio-4161, ¶ 14 (5th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth 'specific facts' by the

means listed in Civ.R. 56(C) showing that a 'triable issue of fact' exists." *Ward* at ¶ 14, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 38} In granting appellees judgment on the pleadings, the trial court found all appellees were bona fide purchasers for value of their respective real estate purchases, were not aware of any actual disputes of appellants at the time of purchase, paid valuable and sufficient consideration, and received the deed to their respective property. Judgment Entry filed July 22, 2024. The trial court found: "Nothing would have shown up in the chain of title which would have placed any of the collective Defendants on notice of any actual and/or alleged claims which might otherwise interfere with marketable title." *Id.* The trial court further found the following:

Each of the collective Defendants had the right to rely upon the Trust Litigation Settlement and Release Agreement which required Plaintiffs and/or Plaintiff's L.L.C. to reconvey the approximate 241 acres tract back to the two (2) Trusts excepting 49.581 acres retained by Plaintiff and/or his L.L.C. as per the Settlement and Release Agreement. For all practical purposes, it was a done deal. The global release of claims as against each Plaintiff and each Defendant named therein finalized the ownership of record.

{¶ 39} In granting the motions for summary judgment, the trial court reiterated its findings from its judgment entry granting appellees judgment on the pleadings i.e., the judgment lien did not attach to the properties, the settlement agreement precluded

appellants' claims, and the purchasers were bona fide purchasers. Judgment Entries filed October 31, 2024. The trial court concluded appellees were entitled to their respective properties free and clear of any of appellants' claims and ordered quiet title to appellees as against any claims of appellants. *Id.*

{¶ 40} We concur with the trial court's analysis and find it to be supported by the record. As cited above, appellants signed the settlement agreement and released and forever discharged any and all their claims related to the Trust Case. As Successor Trustee, Mencer had the authority to sell the real property to the Pattersons, the Alberts, and Douglas Hoffman as the respective parcels were not encumbered in any way. Although the settlement agreement did not include the judgment lien against Douglas Hoffman, the judgment lien was perfected in November 2017 and Hoffman did not own the real property in question until 2019; therefore, the parcels he sold to the Finlays in 2020 and to Dyer in 2021 were not subject to the lien. The Rauschs purchased their parcel from the Estate of James Hoffman in 2019. The property was never owned by or sold by Douglas Hoffman. All appellees were bona fide purchasers as they purchased the real property in good faith, for value, and without actual or constructive notice that the real estate had a competing interest. *Ford v. Baska,* 2017-Ohio-4424, ¶ 11 (7th Dist.). There was nothing in the chain of title for each parcel indicating any legal interest of appellants because appellants did not have any legal interest in the parcels.

{¶ 41} Appellants argue the doctrine of lis pendes. Appellants' Brief at 25-27. We find lis pendes does not apply in this case. This doctrine has been codified in R.C. 2703.26: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons

in the subject of the action, as against the plaintiff's title." The Trust Case was not pending at the time of the real estate conveyances and in fact, was settled before the sales and transfers. There was no pending lawsuit as to the subject parcels.

{¶ 42} We note in the judgment entry granting summary judgment to Dyer, the trial court further found the judgment lien against Douglas Hoffman became dormant on November 20, 2022, because appellants failed to renew or execute the judgment lien after five years; therefore, the judgment lien was invalid and unenforceable. R.C. 2329.07. Appellants' make a blanket argument that the judgment lien is not dormant. Appellants' Brief at 28-29. We decline to review this issue as it is not necessary for the resolution of this case. We have already concurred with the trial courts finding that the judgment lien did not attach to the real property sold.

{¶ 43} We further note the trial court did not issue a judgment entry on the Pattersons' motion for summary judgment. But the Pattersons did not file a counterclaim, so the determination granting their motion for judgment on the pleadings resolved their case.

{¶ 44} Upon review, in construing the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of appellants as true, we find beyond doubt, that appellants could prove no set of facts in support of their claims that would entitle them to relief. We find judgment on the pleadings and summary judgment to appellees to be appropriate.

{¶ 45} Assignments of Error I and II are denied.

{¶ 46} For the reasons stated in our accompanying Opinion, the judgment of the Coshocton County Court of Common Pleas, Probate Division is AFFIRMED.

{¶ 47} Costs to Appellants.

By: King, J.

Baldwin, P.J. and

Montgomery, J. concur.