[Cite as *Arthur v. Weir*, 2026-Ohio-424.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PHILLIP FELTON ARTHUR, ET AL. | Case No. 2025CA0014 |
| Plaintiffs - Appellants | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Probate Division, Case No. 21910096(D) |
| ROBERT WEIR, ET AL. | |
| Defendants | Judgment: Affirmed |
| and | Date of Judgment Entry: February 9, 2026 |
| KEGLER, BROWN, HILL, AND RITTER AND LARRY J. MCCLATCHEY | |
| Defendants - Appellees | |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Appellate Judges

**APPEARANCES:** BRIAN W. BENBOW, for Plaintiffs-Appellants; MARIA MARIANO GUTHRIE, for Defendants-Appellees.

*King, J.*

{¶ 1} Plaintiffs-Appellants, Phillip Felton Arthur, individually, and as Executor of the Sandra Hoffman Estate, appeal the June 5, 2025 judgment entry of the Coshocton County Court of Common Pleas, Probate Division, dismissing their claims against Defendants-Appellees, Kegler, Brown, Hill, and Ritter, and Larry J. McClatchey. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} This case involves numerous parties and numerous claims, the facts of which are set forth in a prior opinion from this court. *Arthur v. Weir,* 2025-Ohio-2966 (5th Dist.), *appeal not accepted* 2026-Ohio-154. Those facts are incorporated herein along with the following facts relevant to this appeal.

{¶ 3} On December 7, 2022, appellants filed a second amended complaint (Case No. 21910096**B** which was merged into Case No. 21910096**D**, the underlying case in this appeal). In the complaint, appellants identified Kegler, Brown, Hill, and Ritter as one of the law firms that represented Jetta Mencer in her capacity as Guardian of Sandra Hoffman, as well as Successor Trustee of the Sandra L. Hoffman Revocable Trust who passed away in September 2018, and the Kenneth G. Hoffman Revocable Trust, Sandra's husband, who passed away in July 2014; Larry J. McClatchey was an attorney with the firm (hereinafter, collectively, "Law Firm"). *See* Complaint at ¶ 84-85. Appellants alleged Law Firm "took compensation in the Sandra Hoffman Trust without providing any benefit to the property owner – beneficiary, Plaintiff Arthur." *Id.* at ¶ 86. Appellants also lumped Law Firm in with numerous other defendants, alleging them to have "distributed assets, sold assets, and transferred assets belonging to the Sandra Hoffman Trust and Sandra Hoffman Guardianship to persons other than the property owner – beneficiary, Plaintiff Arthur and/or the Sandra Hoffman Estate." *Id.* at ¶ 118. Appellants further alleged Law Firm received wrongfully transferred assets by Mencer and Robert Weir (former Administrator WWA of the Estate of Sandra Hoffman), as compensation for performing legal work. *Id.* at ¶ 122, 146, 174, 176. Appellants sought the return of

wrongfully transferred assets and paid compensation. *Id.* at ¶ 129; Complaint Demand at ¶ 4, 7, 8. No timeframes were included.

{¶ 4} On January 30, 2023, Law Firm filed an answer, stating at all times it acted as the attorney for Mencer only, and never had a relationship with appellants; Law Firm asserted numerous affirmative defenses including standing, accord and satisfaction, collateral estoppel, release of claims under a settlement agreement, and statute of limitations.

{¶ 5} On May 24, 2022, McClatchey filed a motion for summary judgment in the (**B**) case. On July 6, 2023, Law Firm (which includes McClatchey) filed a motion for judgment on the pleadings in the (**D**) case. Law Firm essentially argued it was paid for legal services rendered to Mencer as Guardian/Successor Trustee pursuant to court approval and appellants' claims were frivolous. The legal work was performed from 2016 through 2018 on behalf of Mencer in her capacity as Guardian of Sandra Hoffman (person and estate) and as Successor Trustee of the Sandra Hoffman Trust and the Kenneth Hoffman Trust. Law Firm represented Mencer on various claims involving appellants, Douglas Hoffman, and James Hoffman. Law Firm's representation effectively ended when the trial court approved a settlement agreement between all the parties in January 2018, which resolved their claims against each other. The agreement released the parties as well as their agents and representatives. Law Firm was paid for services rendered in 2018 following court approval.

{¶ 6} By judgment entry filed June 5, 2025, the trial court granted the motions and dismissed appellants' claims against Law Firm.

{¶ 7} Appellants filed an appeal with the following assignments of error:

I

{¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY CONSIDERING AND EXECUTING A PROPOSED JUDGMENT ENTRY SUBMITTED BY APPELLEES THAT WAS NOT SERVED UPON APPELLANTS AND WHICH CONTAINED NO CERTIFICATE OF SERVICE PURSUANT TO CIV.R. 5(B)(4)."

II

{¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY CONSIDERING FACTUAL DISPUTES NOT ADMITTED IN THE PLEADINGS, WHICH FACTUAL DISPUTES WENT BEYOND THE COMPLAINT AND ANSWER AND INTO COLLATERAL MATTERS BEYOND THE PLEADINGS. THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY RELYING UPON JUDICIAL NOTICE, AN IMPERMISSIBLE ACT WHEN REVIEWING ONLY THE PLEADINGS UNDER CIV.R.12(C)."

III

{¶ 10} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING THE CONCEALMENT ACTION ON THE PLEADINGS WHEN APPELLEES TOOK COMPENSATION RIGHTFULLY BELONGING TO APPELLANTS AFTER THE WARD'S DEATH WHEN THE GUARDIAN HAD NO AUTHORITY TO TRANSFER SAID FUNDS TO THIRD PARTIES IN VIOLATION OF *SOMMERS V. BOYD* (1891), 48 OHIO ST. 648, 29 N.E. 497 AND *SIMPSON V. HOLMES* (1922), 106 OHIO ST. 437, 1 OHIO LAW ABS. 84, 140 N.E. 395, AT PARAGRAPH ONE OF THE SYLLABUS AND *WHITLEY V. RIVER'S BEND HEALTH CARE,* 183 OHIO APP. 3D 145, 150. THE GUARDIAN WAS LAWFULLY REQUIRED TO DELIVER SAID FUNDS TO

APPELLANTS, WHICH DUTY THE GUARDIAN FAILED TO DO. THE FAILURE TO RECOGNIZE THIS FAILURE CONSTITUTED PREJUDICIAL ERROR."

IV

{¶ 11} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT ON THE PLEADINGS WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED. THESE ISSUES OF FACT INVOLVE APPELLANT, PHILLIP ARTHUR, WHO INHERITED THE WARD'S ASSETS UPON HER DEATH, WHICH ASSETS WERE PAID TO APPELLEES INSTEAD OF THEIR RIGHTFUL RECIPIENT. APPELLANT ARTHUR DID NOT RELEASE ANY SUCH CLAIM TO AN INHERITANCE BY THE WARD AND WAS SPECIFICALLY ENTITLED TO SUCH FUNDS."

V

{¶ 12} "THE TRIAL COURT VIOLATED DUE PROCESS BY APPROVING APPELLEE'S ATTORNEY'S FEE APPLICATION WHEN THE REAL PARTIES IN INTEREST, APPELLANTS, WERE NOT MADE PARTIES TO THE PROCEEDINGS – NOR WERE THEY SERVED WITH ANY NOTICE AND/OR GIVEN AN OPPORTUNITY TO OPPOSE SUCH A FEE APPLICATION. THE TRIAL COURT'S ORDER APPROVING APPELLEE'S FEES WAS ACCORDINGLY VOID *AB INITIO*."

I

{¶ 13} In their first assignment of error, appellants claim the trial court erred in considering and executing a proposed judgment entry submitted by Law Firm that was not served upon them and which contained no certificate of service pursuant to Civ.R. 5(B)(4). We disagree.

{¶ 14} Civ.R. 5 governs service and filing of pleadings and other papers subsequent to the original complaint. Subsection (A) states the following in pertinent part:

**(A) Service: when required.** Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties.

{¶ 15} In a May 19, 2025 judgment entry, the trial court stated the following:

Further, the Court overrules Movant's [appellants'] motion requesting an order canceling the deputy clerk's May 5, 2025 email as the deputy clerk was instructed by the Judge to send the May 5, 2025 email to all unrepresented parties of record and to all counsel representing parties of record. The Court merely requested each party to submit a proposed entry granting the relief each party seeks by motion, or otherwise, pending before the Court and to do so on, or before Friday, May 16, 2025. Such requests are not unusual and many courts by Local Rule require a moving party to submit a proposed entry granting the relief requested should the court

decide in their favor. Requesting the parties to submit a proposed entry is within the administrative discretion of the Court.

{¶ 16} A proposed judgment entry is just that, a proposal for the trial court to contemplate and use all, part, or none of in fashioning a judgment entry. A proposed judgment entry submitted to the trial court for review does not fall under any of the Civ.R. 5(A) categories requiring service to the opposing party. Appellants' citation to *Smith v. Hilt,* 2016-Ohio-7340 (6th Dist.) is misplaced. *Smith* involved a consent judgment entry which our colleagues from the Sixth District found to constitute a "'written notice, * * * demand, offer of judgment, [or] similar paper.'" A consent judgment entry is a document that finalizes a legal dispute between parties based on a mutually agreed settlement, it is not a proposal.

{¶ 17} We find this assignment to lack any merit.

{¶ 18} Assignment of Error I is denied.

## II, III, IV, V

{¶ 19} In these assignments of error, appellants challenge the trial court's decision to dismiss their claims against Law Firm. We disagree with appellants' arguments.

{¶ 20} The trial court dismissed appellants' claims against Law Firm under Civ.R. 12(C) and Civ.R. 56(C). Our standard of review is de novo. *Columbus v. Sanders*, 2012-Ohio-1514 (5th Dist.); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited, Inc.*, 147 Ohio App.3d 350 (5th Dist. 2002). De novo review

requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto County Board of Commissioners*, 87 Ohio App.3d 704, 711 (4th Dist. 1993).

{¶ 21} Civ.R. 12(C) governs judgment on the pleadings and states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Under the rule, "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). The rule allows the court to consider the complaint and any answers and any attached materials to the pleadings. *Crenshaw v. Howard,* 2022-Ohio-3914, ¶ 13 (8th Dist.). Civ.R. 12(C) motions are specifically for resolving questions of law; therefore, the rule requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 165-166 (1973).

{¶ 22} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds

can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 23} "The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Ward v. SKH Group LLC*, 2023-Ohio-4161, ¶ 14 (5th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth 'specific facts' by the means listed in Civ.R. 56(C) showing that a 'triable issue of fact' exists." *Ward* at ¶ 14, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 24} In its motion for judgment on the pleadings, Law Firm argued its representation of Mencer ended when the trial court approved a settlement agreement between all the parties in January 2018, which resolved their claims against each other (appellants, Mencer, Douglas Hoffman, and James Hoffman). The agreement contained a provision that released the parties as well as their agents and representatives:

10. <u>The Defendants' Release of the Plaintiffs, the Guardian, and her ward, Sandra</u>. In consideration of the foregoing promises, the Defendants and their respective heirs, members, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Defendants irrevocably and unconditionally release, acquit and forever discharge the Plaintiffs, the Guardian, and her ward, Sandra, and their respective heirs, successors, predecessors, agents, representatives, assigns, insurers, insureds, or any other person or entity affiliated with the Plaintiffs, the Guardian, and her ward, Sandra, from any and all rights, claims, duties, obligations, liabilities, causes of action, demands, damages (including punitive and exemplary damages), contract rights, costs, penalties, claims of attorney's fees, bad faith and expenses, contributions and indemnities whatsoever, in law or in equity, past or present, pending or not pending, known or unknown, foreseen or unforeseen ("Claims"), which may exist against the Plaintiffs, the Guardian, or her ward, Sandra, including but not limited to all Claims in any way related to any allegations or claims at issue in the Litigation.

{¶ 25} The trial court found the settlement agreement released any claims appellants would have against Mencer and her agents and representatives i.e., Law Firm, arising from the issues that the settlement agreement resolved. *See* Judgment Entry filed July 5, 2025. Law Firm provided legal services to Mencer from 2016 through September 2018. Thereafter, Law Firm submitted three fee applications. The trial court approved

payment by Mencer as Guardian of Sandra Hoffman and Successor Trustee of the Hoffman Trusts. *See* Orders filed February 22, July 24, and November 13, 2018. Mencer paid the legal fees as Successor Trustee of the Hoffman Trusts in 2018. The trial court noted no appeal was taken in regard to the payment of these fees and cannot now be collaterally attacked. Any allegations that Mencer and/or Robert Weir improperly transferred assets to Law Firm are claims against Mencer and Weir, not Law Firm, and appellants settled their claims with Weir and Mencer. *See* Joint Notice of Settlement and Voluntary Dismissal with Prejudice filed September 20, 2024 (Mencer) and Notice of Voluntary Dismissal with Prejudice filed September 23, 2024 (Weir). Further, Law Firm never performed any legal services for Weir and never received any monies from Weir. The trial court found no evidence that Law Firm received any monies as a result of wrongdoing, fraud, or concealment and we do not find anything to the contrary.

{¶ 26} In construing the allegations in the complaint in favor of appellants as true, we find beyond doubt that appellants cannot prove any set of facts in support of their claims that would entitle them to relief. We do not find any material factual issues to exist and find Law Firm is entitled to judgment as a matter of law. Likewise, under a Civ.R. 56(C) standard, we do not find any genuine issues of material fact to exist and Law Firm is entitled to judgment as a matter of law.

{¶ 27} In their appellate brief, appellants argue the trial court looked beyond the pleadings in rendering its decision on Law Firm's motion for judgment on the pleadings. We disagree. This case involves numerous parties, claims, and judgments spanning a decade now. The pleadings in this case do not exist in a vacuum. "It is axiomatic that a trial court may take judicial notice of its own docket." *Industrial Risk Insurers v. Lorenz*

*Equipment Co.,* 69 Ohio St.3d 576, 580 (1994). Everything the trial court referred to was either referenced in appellants' complaint or cited in Law Firm's motion. Curiously, appellants make this argument while attaching to their appellate briefs exhibits that were not submitted to the trial court for review and have no bearing on the matter.

{¶ 28} Upon review, we find the trial court did not err in dismissing appellants' claims against Law Firm.

{¶ 29} Assignments of Error II, III, IV, and V are denied.

{¶ 30} For the reasons stated in our accompanying Opinion, the judgment of the Coshocton County Court of Common Pleas, Probate Division, is AFFIRMED.

{¶ 31} Costs to Appellants.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.