[Cite as *Arthur v. Weir*, 2026-Ohio-423.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PHILLIP FELTON ARTHUR, ET AL. | Case No. 2025CA0013 |
| Plaintiffs - Appellants | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Probate Division, Case No. 21910096(D) |
| ROBERT WEIR, ET AL. | |
| Defendants | Judgment: Affirmed |
| and | Date of Judgment Entry: February 9, 2026 |
| MARVIN W. LILLIBRIDGE | |
| Defendant - Appellee | |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Appellate Judges

**APPEARANCES:** BRIAN W. BENBOW, for Plaintiffs-Appellants; MARVIN W. LILLIBRIDGE, PRO SE, for Defendant-Appellee.

*King, J.*

{¶ 1}   Plaintiffs-Appellants, Phillip Felton Arthur, individually, and as Executor of the Sandra Hoffman Estate, appeal the May 5, 2025 judgment entry of the Coshocton County Court of Common Pleas, Probate Division, dismissing their claim against Defendant-Appellee, Marvin W. Lillibridge.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case involves numerous parties and numerous claims, the facts of which are set forth in a prior opinion from this court.  *Arthur v. Weir,* 2025-Ohio-2966 (5th

Dist.), *appeal not accepted* 2026-Ohio-154.  Those facts are incorporated herein along with the following facts relevant to this appeal.

{¶ 3}   On August 23, 2019, Lillibridge purchased a vehicle from the Estate of John Hoffman.

{¶ 4}   On December 7, 2022, appellants filed a second amended complaint naming numerous defendants including Lillibridge (Case No. 21910096**B** which was merged into Case No. 21910096**D**, the underlying case in this appeal).  This complaint sought the return of estate assets and alleged concealment of assets, self-dealing, breach of fiduciary duties, negligence, and conversion, and sought declaratory judgment.  Under "The Parties" section, appellants identified Lillibridge as an individual who received a "wrongfully transferred asset" i.e., a vehicle, from the Estate of James H. Hoffman, on an unknown date.  *See* Complaint at ¶ 88(b).  This is the only mention of Lillibridge in the 392-paragraph complaint.[1]  Appellants sought the return of the asset.  *See* Complaint Demand at ¶ 9, 11.

{¶ 5}   On January 19, 2023, Lillibridge filed a pro se answer and admitted to being a bona fide purchaser of the vehicle, listed numerous affirmative defenses, and demanded dismissal of any and all claims against him.  By judgment entry filed May 5, 2025, the trial court dismissed appellants' claim against Lillibridge.

{¶ 6}   Appellants filed an appeal with the following assignments of error:

I

{¶ 7}   "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT ON THE PLEADINGS, SUA SPONTE, WHEN THE PLEADINGS WERE

---

[1]We note the complaint does not contain paragraphs 186-222.

NOT CLOSED, AS APPELLEE LILLIBRIDGE MADE NO APPEARANCE, FILED NO ANSWER, FILED NO MOTION FOR JUDGMENT ON THE PLEADINGS AND DID NOT TAKE ANY ACTION TO DEFEND HIIMSELF."

II

{¶ 8}   "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT ON THE PLEADINGS WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED."

I, II

{¶ 9}   Appellants claim the trial court erred in dismissing their claim against Lillibridge.  We disagree.

{¶ 10} Our standard of review is de novo.  *Columbus v. Sanders*, 2012-Ohio-1514 (5th Dist.).   Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.  *Kramer v. Installations Unlimited, Inc.*, 147 Ohio App.3d 350 (5th Dist. 2002).  De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination.   *Brown v. Scioto County Board of Commissioners*, 87 Ohio App.3d 704, 711 (4th Dist. 1993).

{¶ 11} Civ.R. 12(C) governs judgment on the pleadings and states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Under the rule, "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him

to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). The rule allows the court to consider the complaint and any answers and any attached materials to the pleadings. *Crenshaw v. Howard,* 2022-Ohio-3914, ¶ 13 (8th Dist.). Civ.R. 12(C) motions are specifically for resolving questions of law; therefore, the rule requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 165-166 (1973).

{¶ 12} First, appellants argue the pleadings were not closed because Lillibridge failed to make an appearance, file an answer, file a motion for judgment on the pleadings, or take any action to defend himself. A simple review of the pleadings in this case negates these arguments. As stated in the facts, on January 19, 2023, Lillibridge filed a pro se answer and admitted to being a bona fide purchaser of the vehicle, listed numerous affirmative defenses, and demanded dismissal of any and all claims against him. Appellants had ample time, more than fourteen days, to respond, but failed to do so. The trial court did not sua sponte dismiss the claim against Lillibridge as Lillibridge had asked for the claim to be dismissed.

{¶ 13} Secondly, appellants argue the trial court erred in dismissing the claim against Lillibridge because the asset in question, a vehicle sold to Lillibridge from the Estate of John Hoffman, rightfully belonged to them and was a "concealed" asset. There is no evidence of the asset being concealed. The vehicle was sold to Lillibridge for sufficient consideration. Nothing in the record shows the transfer was concealed.

{¶ 14} In dismissing appellants' claim, the trial court stated appellants "have no beneficial interest in any of the Estate assets in the Estate of James Hoffman, deceased except for the final net distribution of $2,663.48 which was paid to the Estate of Sandra

Hoffman, Deceased, upon the Court's approval of the Estate of James Hoffman, Deceased's Final and Distributive Account." *See* Judgment Entry filed May 5, 2025. We do not find anything in the record to the contrary.

{¶ 15} On the issue of the vehicle sold to Lillibridge, in construing the allegations in the complaint in favor of appellants as true, we find beyond doubt that appellants cannot prove any set of facts in support of their claim that would entitle them to relief. We do not find any material factual issues to exist and find Lillibridge is entitled to judgment as a matter of law.

{¶ 16} Upon review, we find the trial court did not err in dismissing appellants' claim against Lillibridge.

{¶ 17} Assignments of Error I and II are denied.

{¶ 18} For the reasons stated in our accompanying Opinion, the judgment of the Coshocton County Court of Common Pleas, Probate Division, is AFFIRMED.

{¶ 19} Costs to Appellants.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.